### G. F. & E. C. SWIFT vs. ARTHUR ROUNDS.

19  527
20  591
19  527
24  541

Where there is a purchase of goods on credit there is an implied representation by the purchaser of an intention to pay for them ; and an action for deceit will lie against one who obtains goods on credit with the intention of not paying for them.

TRESPASS ON THE CASE for deceit. Certified from the Common Pleas Division on demurrer to the declaration.

*July* 6, 1896. TILLINGHAST, J. This is trespass on the case for deceit. The first count in the declaration alleges that the defendant, intending to deceive and defraud the plaintiffs, did buy of them on credit certain goods and chattels of the value of $400, the said defendant not then and there intending to pay for the same, but intending wickedly and fraudulently to cheat the plaintiffs out of the value of said goods and chattels, which said sum of $400 the defendant refuses to pay, to the plaintiffs' damage, &c. The second

count, after setting out the fraudulent conduct aforesaid, alleges that the defendant thereby then and there represented that he intended to pay for said goods, but that he did not then and there intend to pay for the same, but wickedly and fraudulently intended to cheat the plaintiffs out of the value of said goods and chattels, &c.

To this declaration the defendant has demurred, and for grounds of demurrer to the first count thereof, he says, (1) that the plaintiffs do not allege any false representation by the defendant ; (2) that the plaintiffs do not allege that they have acted upon any false representation of the defendant ; and (3) that the plaintiffs do not allege any damage suffered by them in acting upon any false representation of the defendant.

The grounds of demurrer to the second count are, (1) that the plaintiffs do not allege any false representation by the defendant as to any fact present or past, but only as to something that would happen in the future, which, if in the future it proved not to be true, would not be the subject matter of a false representation, but simply a promise broken, and therefore not a ground of an action of deceit ; (2) that the plaintiffs do not allege that they acted upon any false representation made by the defendant ; and (3) that the plaintiffs do not allege that they suffered any damage by acting upon any false representation made by the defendant to the plaintiffs.

We are inclined to the opinion, after some hesitation, that the declaration states a case of deceit. Any fraudulent misrepresentation or device whereby one person deceives another, who has no means of detecting the fraud, to his injury and damage, is a sufficient ground for an action of deceit. Deceit is a species of fraud, and consists of any false representation or contrivance whereby one person overreaches and misleads another, to his hurt. And, while the fraudulent misrepresentation relied upon usually consists of statements made as to material facts, either verbally or in writing, yet it may be made by conduct as well. Grinnell on Law of Deceit, p. 35. A man may not only deceive another, to his hurt, by deliber-

ately asserting a falsehood, as, for instance, by stating that A. is an honest man when he knows him to be a rogue, or that a horse is sound and kind when he knows him to be unsound and vicious, but also by any act or demeanor which would naturally impress the mind of a careful man with a mistaken belief, and form the basis of some change of position by him. 1 Story, Eq. Jur. § 192. In *Ex parte Whittaker, &c.,* 10 L. R. 449, Mellish, L. J., says : " It is true, indeed, that a party must not make any misrepresentation, express or *implied,* and as at present advised I think Shackelton when he went for the goods must be taken to have made an implied representation that he intended to pay for them, and if it were clearly made out that at that time he did not intend to pay for them, I should consider that a case of fraudulent misrepresentation was shown." See also *Lobdell* v. *Baker,* 1 Met. 201 ; 1 Benjamin on Sales, ed. of 1888, § 524.

In the case at bar, the declaration alleges that the defendant bought the goods in question upon credit, fraudulently intending not to pay for them but to cheat the plaintiffs out of the value thereof. By the act of buying the goods of the plaintiffs the defendant impliedly promised to pay for the same, which promise was equally as strong and binding as though it had been made in words, or even in writing. The plaintiffs had the right to rely on this promise, and to presume that it was made in good faith. It turns out, however, according to the allegations aforesaid, that it was not made in good faith, but, on the contrary, was made for the purpose of deceiving the plaintiffs into the act of parting with their goods, the defendant intending by the transaction to cheat them out of the value thereof. The fraud, then, consisted in the making of the promise, in the manner aforesaid, with intent not to perform it. By the act of purchasing the goods on credit, the defendant impliedly represented that he intended to pay for them. The plaintiffs relied on this representation, which was material and fraudulent, and were damaged thereby. All the necessary elements of fraud or deceit therefore were present in the transaction. See *Upton* v. *Vail,* 6 Johns. 181 ; *Bartholomew* v. *Bentley,* 15 Ohio, 666 ; Bishop,

Non-Contract Law, §§ 314-318; *Burrill* v. *Stevens*, 73 Me. 400; *Barney* v. *Dewey*, 13 Johns. 226; *Hubbel* v. *Meigs*, 50 N. Y. 491. The general doctrine which controls this action is fully reviewed by Mr. Wallace in a note to *Paisley* v. *Freeman*, 2 Smith's Lead. Cas. 101. As said by Bigelow on Fraud, page 484, "to profess an intent to do or not to do when a party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made." See also p. 466 as to what constitutes a representation. In *Goodwin* v. *Horne*, 60 N. H. 486, the court say: "Ordinarily false promises are not fraudulent, nor evidence of fraud, and only false representations of past or existing facts are actionable or can be made the ground of defence. . . . . But when a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defence. Such are cases of concealed insolvency and purchases of goods with no intention to pay for them." In *Byrd* v. *Hall*, 1 Abb. A. D. 286, it was held that, although a purchase of goods on credit by one who knows himself to be insolvent is not fraudulent, yet where it is made with a preconceived design not to pay, it is fraudulent. See also *Milliken* v. *Miller*, 12 R. I. 296; *Thompson* v. *Rose*, 16 Conn. 81; *Hennequin* v. *Naylor*, 24 N. Y. 129; *Devoe* v. *Brandt*, 53 N. Y. 465; Story on Sales, 2d ed. § 176, and cases in note 2; *Douthitt* v. *Applegate*, 33 Kans. 395; *Morrill* v. *Blackman*, 42 Conn. 324; *Skinner* v. *Flint*, 105 Mass. 528; *Earl of Bristol* v. *Wilsmore*, 2 Dow. & Ry. 760; *Lobdell* v. *Baker*, 1 Met. 193; Cooley on Torts, 2d ed. 559; *Load* v. *Green*, 15 M. & W. 215. In short, the making of one state of things to appear, to those with whom you deal, to be the true state of things, while you are acting on the knowledge of a different state of things—among the oldest definitions of fraud in contracts—is exemplified in this case. See *Lee* v. *Jones*, 17 C. B. N. S. 494. The defendant made it to appear, by the act of buying on credit, that he intended to pay for the goods in question, while in fact he intended to cheat the plaintiffs out of them. And to hold that such a transac-

tion does not amount to fraud, would be to make it easy for cheats and swindlers to escape the just consequence of their unrighteous acts.

We have hesitated somewhat in arriving at the conclusion that an action of deceit will lie, upon the facts set out in the declaration, for the reason that, amongst the numerous cases of fraud and deceit to be found in the books, we have not been referred to any, nor have we been able to find any, where the action of deceit was based simply on the act of buying goods on credit, intending not to pay for them. In *Lyons* v. *Briggs*, 14 R. I. 224, which was an action of deceit, Durfee, C. J., intimates, however, that deceit would lie in a case like the one before us, by the use of the following language: "It is not alleged that the buyer did not intend to pay when he bought, but only that he falsely and fraudulently asserted that he could be safely trusted." But the authorities are overwhelming to the effect that it is fraud to purchase goods intending not to pay for them, and that the vendor, upon discovering the fraud, may repudiate the sale and reclaim the property, or may sue in trover, or in some other action of tort, for the damages sustained by the fraud. And this being so, we fail to see why an action of deceit, which is an action of tort, based on fraud, may not lie as well. For to obtain goods on credit, intending not to pay for them, is as much a trick or device as it would be falsely to represent in words any material fact whereby the vendor should be induced to part therewith.

But defendant's counsel contends that the alleged representation was not as to any fact present or past, but merely as to what the defendant would do in the future with reference to paying for the goods, and that to say what one intends to do is identical to saying what one will do in the future, which amounts simply to a promise; and, furthermore, that a representation of what will happen in the future, even if not realized, is not such a representation as will support this action. We do not assent to this method of reasoning. The state of a man's mind at a given time is as much a fact as is the state of his digestion. Intention is

a fact; *Clift* v. *White*, 12 N. Y. 538; hence a witness may be asked with what intent he did a given act. *Seymour* v. *Wilson*, 14 N. Y. 567.   A man who buys and obtains possession of goods on credit, intending not to pay for them, is then and there guilty of fraud.   The wrong is fully completed and no longer exists in intention merely, and a cause of action instantly accrues thereon in favor of the vendor to recover for the wrong and injury sustained. It is true the purchaser may afterwards repent of the wrong and pay for the goods, and the vendor may never know of the wrongful intent.   But this does not alter the case at all as to the original wrong and the liability incurred thereby. . Of course a mere intention to commit a crime or to do a wrong is no offence.   But when the intention is coupled with the doing or accomplishment of the act intended, that moment the wrong is perpetrated and the corresponding liability incurred. See *Oswego Starch Factory* v. *Lendrum*, 57 Iowa, 573.

In *Stewart* v. *Emerson*, 52 N. H. 301, where it was alleged, in reply to the defendant's plea of discharge in bankruptcy, that the debt in question was created by the fraud of the defendant, Doe, J., in the course of a long and vigorous opinion, used the following language, which is so apt and pertinent that we quote it.   He said : " When the intent not to pay is concealed, the intent to defraud is acted out. The mere omission of A. to disclose his insolvency might not be satisfactory proof of a fraudulent intent in all cases.   He might expect to become solvent.   He might intend to pay all his creditors.   He might intend to pay B. though unable to pay others.   His fixed purpose *never* to pay B. is a very different thing from his present inability to pay all or any of his creditors.   A man may buy goods, with time for trying to pay for them, on the strength of his known or inferred disposition to pay his debts, his habits, character, business capacity, and financial prospects, without his present solvency being thought of, and even when his present insolvency is known to the vendor.   But who could obtain goods on credit, with an unconcealed determination that they should never be paid for ?   The concealment of such a determination is

conduct which reasonably involves a false representation of an existing fact, is not less material than a misrepresentation of ability to pay (*Bradley* v. *Obear*, 10 N. H. 477), and is an actual artifice, intended and fitted to deceive."

"An application for or acceptance of credit, by a purchaser, is a representation of the existence of an intent to pay at a future time, and a representation of the non-existence of an intent not to pay. What principle of law requires a false and fraudulent representation to be express, or forbids it to be fairly inferred from the act of purchase? A representation of a material fact, implied from the act of purchase, and inducing the owner of goods to sell them, is as effective for the vendee's purpose as if it had been previously and expressly made. If it is false, and known to the pretended purchaser to be false, and is intended and used by him as a means of converting another's goods to his own use without compensation, under the false pretence of a purchase, why does it not render such a purchase fraudulent? When the intent is to pay, it is necessarily understood by both parties, and need not be expressly represented as existing. When the intent is not to pay, it is of course concealed. Whether the deceit is called a false and fraudulent representation of the existence of an intent to pay, or a fraudulent concealment of the existence of an intent not to pay, the fraud described is, in fact, one and the same fraud."

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Willard B. Tanner*, for plaintiffs.

*Robert W. Burbank*, for defendant.