LEEDOM and others, Appellants, vs. MAYER, Respondent.

*April 3—April 22, 1902.*

*Sales: Rescission: Fraudulent intent: Evidence.*

In the absence of clear proof of known insolvency or of false representations made to induce a sale of goods, evidence of an intent to defraud creditors, formed some months after the sale, is not sufficient to justify an inference of a predetermined intent not to pay for the goods, such as would give the vendor the right to rescind the sale.

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

The plaintiffs are manufacturers of carpets and rugs at Bristol, Pennsylvania. Some time prior to the month of December, 1898, their traveling salesman took an order from defendant for goods to be delivered at future dates on a credit of four months, the bills to bear an advance dating of April 1, 1899. The first invoice of goods was shipped December 7, 1898, and others followed from time to time until April, 1899. On April 1, 1899, defendant gave plaintiffs his note for $2,069.97, due in four months. On July 31, 1899, plaintiffs returned said note to defendant, and demanded a return of the goods, which was refused. Plaintiffs then commenced this action, alleging such sale, the delivery of the goods, the taking and return of the note, the demand for a

return of the goods and refusal, and also that said goods were purchased by defendant with the intention of not paying for the same, and that he was insolvent at the time, and that plaintiffs had no knowledge of such insolvency.

The defendant admitted the purchase and the giving of the note, and denied the other allegations of the complaint. He also set up an adjudication of bankruptcy in the United States court as of August 19, 1899. Considerable testimony was offered as to the manner defendant conducted his business after such sale, tending to show an intent to defraud creditors. It was also shown that he made statements to the Dun and Bradstreet Commercial Agencies, based on his books of 1898, which showed that he had merchandise, accounts, cash, real estate, and personal assets amounting to about $60,000, and owed the bank and upon real-estate mortgages $19,000. In these statements he omitted to include about $14,000, which he claimed he owed his wife, his brother, and other relatives, so that, according to this statement, his net worth should have been about $27,000, instead of $41,000.

After hearing the testimony, the court directed a verdict for defendant. Plaintiffs appeal from the judgment entered in favor of defendant.

For the appellants there was a brief by *Turner, Pease & Turner,* and oral argument by *W. J. Turner.*

For the respondent there was a brief by *John A. F. Groth,* attorney, and *Austin, Fehr & Gehrz,* of counsel, and oral argument by *W. H. Austin.*

BARDEEN, J. The only question involved on this appeal is whether there was sufficient evidence to carry the case to the jury. The issue presented by the pleadings was whether the defendant purchased the goods in question with the preconceived intention of not paying for them. The plaintiffs alleged that defendant was insolvent at the time he gave the

order for the goods. This allegation was not proven. On the contrary, we think it is fairly shown that his assets then exceeded his liabilities, including the debts he admitted to be owing to his relatives. But if it be admitted that he was insolvent, that fact alone would not warrant a rescission of the sale. *David Adler & Sons C. Co. v. Thorp,* 102 Wis. 70, 78 N. W. 184; *Nichols v. Pinner,* 18 N. Y. 295; *Consolidated M. Co. v. Fogo,* 104 Wis. 92, 80 N. W. 103; *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599. If he was insolvent, knowing himself to be such, and he purchased the goods without disclosing the fact, with the preconceived purpose of not paying for them, the purchase was fraudulent, and the vendor may rescind the sale. *Lee v. Simmons,* 65 Wis. 526, 27 N. W. 174; *Skinner v. Michigan Hoop Co.* 119 Mich. 467, 78 N. W. 547; *Burrill v. Stevens,* 73 Me. 395. But such sale is not rendered fraudulent by a subsequently conceived intent on the part of the buyer not to pay for them. *Skinner v. Michigan Hoop Co., supra; Burrill v. Stevens, supra; Starr v. Stevenson,* 91 Iowa, 684, 60 N. W. 217. The intent which renders the sale fraudulent is a positive and predetermined intention, entertained and acted upon at the time of going through the forms of an apparent sale, never to pay for the goods. If, however, the sale be induced by false representations made at the time, and relied on by the seller, it may be avoided by the latter at his election. The discussion of these principles in *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599, renders further discussion unprofitable. The record in this case fails to disclose any evidence of false representations made by the defendant at the time the order was given. Neither was there any direct evidence of the defendant's intention not to pay for the goods at the time he made the purchase. The most that can be said of the evidence is that it shows that some months after the purchase the defendant was guilty of acts tending to show a disposition to defraud his creditors. However culpable that may be, it falls short of

proving the preconceived intent necessary to avoid the sale. In the absence of clear proof of known insolvency or of false representations made to induce the sale, evidence of an intent to defraud creditors, formed some months after the sale, is not sufficient to justify an inference of a predetermined intent not to pay for the goods purchased. The facts herein fail to meet the standard required by law. The trial court was justified in the conclusion reached.

*By the Court.*—The judgment is affirmed.