PEOPLE, PLAINTIFF AND APPELLEE, v. SIERRA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for False Representation and Cheat.

No. 1229.—Decided April 30, 1918.

ATTORNEY—PROFESSIONAL SERVICES—LIEN.—It was alleged that an attorney has the same lien here that he would have at common law. *Quaere:* Whether an attorney in Porto Rico, as in the United States, has a lien for his services and disbursements on the personal effects of his client that come into his possession in the due course of the relation of attorney and client.

LARCENY—PLEDGOR AND PLEDGEE—OWNERSHIP—SPECIAL PROPERTY.—A pledgor may be guilty of larceny from his pledgee, and one having a general ownership of personal property may be guilty of larceny from one having a special property therein.

ID.—FALSE PRETENSES—PLEDGOR AND PLEDGEE.—Generally a defendant may be guilty of obtaining goods under false pretenses from a pledgee under the same circumstances that would distinguish the crime of obtaining goods under false pretenses from the crime of larceny in a case in which the prosecuting witness is the sole owner.

FALSE REPRESENTATION.—The prosecuting witness performed professional services as attorney for the accused, the value of which was conceded by the acts and conduct of the latter. The accused proposed to the complaining witness that if the latter would turn over to the former certain jewels of the former upon which the latter claimed a lien, he would sell them and from the proceeds pay to the said attorney the value of his professional services. The jewels were delivered, but the promise was not kept. *Held:* That as it was not alleged or shown that the accused made a false representation of an existing or past fact, no crime was committed.

The facts are stated in the opinion.

*Mr. Miguel Guerra* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

For the purposes of this appeal we shall assume, but not definitely decide, that a lawyer in Porto Rico, as in the United States, has a lien for his services and disbursements on the personal effects of his client that come into his possession in the due course of the relation of attorney and client. We incline to the view that by the blending of the offices of procurator and attorney in Porto Rico and the relation of attorney and client existing under the American

system, an attorney here has the same lien that he would have at common law, but we shall not definitely decide the point because we think the judgment must be reversed on other grounds.

It is unquestionably the law that a pledgor may be guilty of larceny from his pledgee, or that one having a general ownership of personal property may be guilty of larceny from one having a special property therein. *Henry* v. *State,* 36 S. E., 55, and authorities; *People* v. *Long,* 50 Mich. 249; *State Natl. Bank of Shawnee* v. *McMahon,* 146 Pac. 1.

Likewise, it is true that a defendant generally may be guilty of obtaining goods under false pretenses from a pledgee under the same circumstances that would distinguish the crime of obtaining goods under false pretenses from the crime of larceny in those cases where the prosecuting witness is the sole owner. *People* v. *Campbell,* 59 Pac. 593; *Anderson* v. *State,* 177 S. W. 86.

In the case at bar the prosecuting witness performed professional services of such a nature that in the United States would have given him a lien for the $1,250 set forth in the information, the value of those services being conceded by the acts and conduct of the appellant. The principal question is whether the acts and conduct amounted to a crime under section 470 of the Penal Code, as follows:

"Every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, or who causes or procures others to report falsely of his wealth or mercantile character, and by thus imposing upon any person obtains credit, and thereby fraudulently gets into possession of money or property, is punishable in the same manner and to the same extent as for larceny of the money or property so obtained."

From the record it appears that the appellant, at the time when his former attorney's claim for services was complete, went to the said attorney and made the proposition that if the said attorney would turn over to the said appellant the jewels on which the attorney claimed a lien, he,

the said appellant, would sell them and from their proceeds pay to the said attorney the said sum of $1,250. This alleged representation, proposition, or offer, was never performed. Instead, there was evidence that the said appellant sold a part of the jewels and then left Porto Rico for Venezuela, whence he was brought here on extradition proceedings.

At the trial there was no evidence tending to show that at the time the appellant made his proposition and obtained possession of the goods he made a false representation of an existing or past fact.

In his brief several times the *fiscal* alludes to the fact that the appellant represented that he would do one of two things: sell, or if he could not sell, he would pledge the said jewels to a man in the Hotel Inglaterra. This reference to the Hotel Inglaterra is neither charged in the information nor was there any proof pointed out to us that tended to show the improbability of this statement of fact. He also said that a debt mentioned by his attorney had been paid, in which he was supported by a friend who was present, and there is no evidence that this representation, operating as it did on the mind of the attorney, was untrue. In prosecutions for obtaining goods under false representations, while absolute proof is not required, still it is necessary for the prosecution to make some showing of the falsity or improbability of the representation. It will not be presumed that the representation was false because its likelihood does not stand forth prominently. We are therefore limited to the alleged representation expressed in the information.

If at the time appellant obtained the possession of the jewels, conceding for the sake of argument that this fact was sufficiently charged, he had the intention of never paying the said attorney, we are of the opinion, under the authorities, that no crime was committed.

The history of statutes like our own is traced in Wharton's Criminal Law, Vol. 2, p. 1577 *et seq.* Therein it is shown that not every deceit or false pretense was included

in the statute. Puffing, or exaggerated praise, was not included therein, and opinions are not always pretenses. A false pretense under the statute must relate to a past event or existing fact; any representation with regard to a future transaction is excluded. *People* v. *Ramírez,* 22 P. R. R. 440; Wharton, *supra,* p. 1621; 11 R. C. L. 831. Also, the law is shown in the California cases of *People* v. *Green,* 133 Pac. 334; *People* v. *Bowman,* 142 Pac. 495.

It is said in 11 R. C. L. p. 830, that the notion that it is impracticable to make the criminal law coextensive with moral delinquency is evidently responsible for the fact that many cases of fraud and deceit are left to be dealt with exclusively by civil tribunals. The courts have recognized the limitation, as we have in the case of *People* v. *Ramírez, supra.* The definition of the crime has been fairly clearly marked out by the courts. One of the reasons of the impracticability of reaching all cheats is that the number of them would force a prosecutor to choose the crimes he thought it necessary to prosecute, which almost invariably gives rise to discrimination, partiality and uncertainty. The cases for which prosecutions will be begun ought to be clearly marked by the law so that the duty of the prosecuting officer is clear in all cases.

The *fiscal* of this court does not ask us to go further than other courts have gone, but cites us to authorities which, he maintains, are similar to the case at bar.

The case of *State* v. *Nichols,* Houst. Crim. Rep. (Del.), Vol. I, p. 114, was one where the appellant made a representation that he was about to loan a larger sum of money to a third person and on this false representation of fact obtained money from the prosecuting witness. It was shown to be false that he ever had the intention of loaning to another. This case is cited by Wharton, in a note on page 1622, as being outside of the general current of authority, and it is also analyzed in 19 Cyc. 397. And therein there was an inducing representation shown to be false. *Commonwealth*

v. *Moore,* 86 Ky. 542, 12 S. W. 1066; *State* v. *Fooks,* 65 Ia. 196, 21 N. W. 561, and *State* v. *Dowe,* 27 Ia. 273, 1 Am. Rep. 271, were all cases of concurrent promises and representations of fact. And we shall not cite authorities to the effect that a false statement of fact is enough to secure the conviction, although coupled with a future promise, if both operated on the mind of a prosecuting witness to his injury. *People* v. *Winslow,* 39 Mich. 505, was a false representation of the fact that the prosecuting witness was promised a position, was a conspiracy case, and distinguishable on other grounds.

While in *Swift* v. *Rounds,* 33 L. R. A. 561, a person purchasing goods not intending to pay for them was declared to be a false representation of a present fact, the case was a civil one, and obtaining goods under false representations as to credit has been specifically brought within the purview of our statute.

The state of the law was reviewed by Mr. Justice Loring in *Commonwealth* v. *Althause,* 31 L. R. A. (N. S.), 1003, as follows:

"As a general proposition of law, apart from statutes making it a crime to obtain property by a false pretense, it would seem that a man's present intention as to a future act is a fact. *Edgington* v. *Fitzmaurice,* L. R., 29 Ch. Div. 459; *Swift* v. *Rounds,* 19 R. I. 527, 33 L. R. A. 561, 61 Am. St. Rep. 791, 35 Atl. 45. In the first of these two cases (*Edgington* v. *Fitzmaurice*) Bowen, L. J., said, at page 483: 'The state of a man's mind is as much a fact as the state of his digestion.' And Chapman, Ch. J., in *Com.* v. *Walker,* 108 Mass. 309, 312, said: 'A man's intention is a matter of fact and may be proved as such.' There are cases where this proposition has been applied in case of indictments for obtaining property by a false pretense. For example, it was so applied in *State* v. *Nichols,* Houst. Crim. Rep. (Del.) 114. In that case the prisoner, to induce the prosecuting witness to lend him money, represented to him that he wanted it to lend with some of his own money to a third person. The jury were told that if this was false it was a false pretense. The doctrine of this and similar decisions is that if, in addition to making a promise to repay money borrowed, for example, the prisoner

procured the loan by a false statement of his present intention as to the purpose for which he wished to secure the loan, it is a false representation of a fact, and so a false pretense. There is, however, a conflict in the authorities on this point. There are cases in which it has been held that in such a case as that before the court in *State* v. *Nichols, ubi supra,* the representation by the prisoner of his present intention as to the purpose for which he wished to secure the loan is essentially a promise by the prisoner that he will use the money lent in the way then stated, and is not a false pretense. See for example, *People* v. *Blanchard,* 90 N. Y. 314. The cases on one side and on the other are collected in 19 Cyc. Law & Proc. p. 397, notes 57, 58.

"But in the case at bar the presiding judge went beyond any decided case in the explanation which he gave of the difference between the representation of a person's present intention as to a future act, and an assurance or promise that the future act shall be done. For the purpose of illustrating the essential difference between the two, he put, as an example of obtaining property by a false pretense, a case which is not obtaining property by a false pretense. In effect he told the jury that if A buys property intending not to pay for it, he obtained that property by a false pretense. In that case A makes no representation at all. All that he does is to make a promise, and a promise is not a representation of a fact. It has been sought to make out that in legal contemplation a promise with an intention not to perform is a false pretense, because a promise to do a thing of necessity implies a present intention to do it, and therefore, whenever you have a promise coupled with an intent not to perform, you have an implied false representation of an intention to do the act which the prisoner promises to do, and so a false pretense. And this finds some apparent support in *Swift* v. *Rounds,* 19 R. I. 527, 33 L. R. A. 561, 61 Am. St. Rep. 791, 35 Atl. 45. In that case it was held that where a defendant buys property intending not to pay for it, he is liable in an action of deceit, because he impliedly represents that he intends to pay for it by the act of buying. It may be doubted whether the making of a promise implies of necessity in all cases a present intention to perform that promise. Upon that question we do not find it necessary to express an opinion. For, however that may be, the fraud of obtaining property by buying it intending not to pay for it is not, as matter of construction of the statute creating it, the crime of obtaining property by a false pretense. At common law obtaining property by a false representation of

fact, that is, by a lie, was not a crime. *Com.* v. *Hearsey*, 1 Mass. 137; *Com.* v. *Warren*, 6 Mass. 72; *Com.* v. *Call*, 21 Pick. 515, 520, 32 Am. Dec. 284. Obtaining property by false weights or false measures was a gross cheat at common law and punishable criminally as such. By Stat. 33 Hen. VIII, chap. 1, cheating by false tokens was also made a crime. This was the state of the law when Stat. 30 Geo. II, chap. 24, was enacted. That act provided that 'all persons who knowingly and designedly by false pretense or pretenses, shall obtain from any person or persons, money, goods, wares, or merchandises, with intent to cheat or defraud any person or persons of the same,' shall be punished, etc. This was enacted in this commonwealth (in practically the same words) by Stat. 1815, chap. 136. It is evident that the fraud (which, by enacting that statute, the legislature intended to make a crime) was obtaining the property of another by a false statement of a fact; and it is equally evident that in enacting it the legislature did not have in mind the fraud of buying goods not intending to pay for them. Both are frauds, but they are not the same fraud."

This case is cited in the notes in 11 R. C. L. 832, in the discussion of the conflict of authorities.

Until recent times there was a number of decisions which held that there must be an actual deception of the prosecuting witness. 11 R. C. L. 835–36. We mention this former state of the law to bring out that there was no representation of a present fact shown to be false on which the attorney relied. From the information there was a nude promise to do a certain thing or things in the future. The reliance charged was on the promise of the defendant. We find no false representation of fact other than the false or alternative promise, hence there was nothing either in the information or in the proof to justify the conviction.

The judgment must be

*Reversed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.