No. 70.—ISAAC WILLIAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where a witness, in behalf of the State, is detained from Court by the means or procurement of the defendant, his previous examination taken down by the committing Magistrate, may be read on the trial.

Larceny, in Muscogee Superior Court. Tried before Judge WORRILL, June Term, 1855.

A single question is made by this record. Williams was indicted for the larceny of a watch, from a man named Thomas. On the trial, among other things, it appeared that Thomas and prisoner had settled the case. The Solicitor General stated that he had been informed that prisoner had induced Thomas to absent himself from Court; and from diligent search, he believed him to be in Alabama. The Court then allowed the written memorandum of the testimony, given in by Thomas before the committing Magistrate, to be read to the Jury, after the Magistrate swore that it was correct.

This decision is assigned as error.

HILL; E. G. DAWSON, for plaintiff in error.

Sol. Gen. BROWN, for the State.

Williams *vs.* The State.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It was resolved, upon the trial of Lord *Morley*, for murder, (7 *State Trials*, 421,) that in case oath should be made that any witness who had been examined by the Crown, and was then absent, was detained by the means or procurement of the prisoner, and the Court should be satisfied from the evidence, that the witness was detained by means or procurement of the prisoner, then the examination should be read ; and that whether the witnesses was so detained, was matter of fact of which the Jury and not the Court, were the judges.

The only question, then, in this case is, was the foundation sufficiently laid by the preliminary examination of John B. Wright and the Solicitor General, to authorize the reading of the testimony of Anderson Thomas, which had been taken down, in writing, by the committing Magistrate ? We think not. Mr. Wright proved nothing except the settlement of the case by the parties. And the only *fact* stated by Mr. Brown, was, that he had used all diligence to procure the attendance of the prosecutor, Thomas. The rest was all hearsay and inadmissible to make out the case, so as to let in the secondary proof.

We do not think that the 6th article of the amendments to the Constitution of the United States, which says, "the accused shall have the right to be confronted with the witnesses against him," has any bearing upon this point. The practice intended to be prohibited by that provision, was the secret examinations, so much abused during the reign of the Stuarts, and was not intended to disturb any great rule of criminal evidence.