THE STATE v. FOOKS.

1. **Criminal Law**: FALSE PRETENSE AS TO EXISTING FACT: WHAT IS. Where defendant borrowed money on the false pretense that his brother was to arrive with money for him, coupled with a promise to use it in payment of the sums borrowed, this amounted to a pretense that he had the money, *as an existing fact,* and it was properly alleged in the indictment and proved on the trial.

2. ———: OBTAINING MONEY ON FALSE PRETENSE: INFLUENCE OF THE PRETENSE: INDICTMENT. An indictment for borrowing money upon a false pretense need not allege that the false pretense was the *sole* cause which induced the complainant to loan him the money. It is sufficient to allege that it was the *main* cause.

3. ———: ———: PLAUSIBILITY OF PRETENSE. It is not necessary, in order to sustain a conviction for obtaining money upon a false pretense, that the pretense should be so plausible as to deceive a prudent and intelligent man. It is sufficient to show that it was made with the intention to deceive the victim, and that it did deceive him, though he may have been weak and credulous.

4. ———: ———: EVIDENCE: ADMISSION BY DEFENDANT OF HIS POVERTY. Where defendant, when arraigned upon an indictment for borrowing money upon the false pretense that he was a man of means, stated to the court that he had no means to employ counsel to defend him, and thereby obtained counsel at the expense of the state, his statements so made were admissible in evidence upon the trial to prove the falsity of the pretense made to his victim.

5. ———: ———: EVIDENCE OF DEVICES. On the trial of such a case, it is proper to show the arts and devices used by the accused to lead his victim to rely upon the alleged false pretense.

6. **Instructions:** MAY BE IN PRINT. Instructions given to the jury in print sufficiently comply with the statute which directs that they shall be in writing.

7. **Criminal Law:** SPECIAL VERDICT. There can be no special verdicts in criminal cases. Sections 2806–2809 of the Code, authorizing special findings, relate to civil cases alone.

*Appeal from Hardin District Court.*

THURSDAY, DECEMBER 4.

DEFENDANT was indicted and convicted of obtaining money upon false pretenses. He now appeals to this court.

*Tom H. Milner,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

BECK, J.—I. The indictment charges that defendant, by false and fraudulent representations as to his property and income, induced one Cowham to loan and advance to him certain sums of money. Among other fraudulent representations, it is alleged in the indictment that defendant represented that his brother was soon to arrive in Iowa Falls, and bring with him money for defendant. The evidence supports this allegation, and shows that defendant stated that his brother was an English nobleman. Counsel for defendant insist that the allegation is immaterial, and that evidence in its support was erroneously admitted, for the reason that it pertained to a matter in the future, and not to a present or past event. We think the representation that his brother was to arrive with money, coupled with a promise to use it in payment of the sums borrowed, amounted to a pretense that he had the money. This pretense was properly alleged and proved.

II. The indictment alleges that the false representations were the *main* cause of Cowham's loaning the money to

1. CRIMINAL law: false pretense as to existing fact: what is.

defendant.   It is insisted that the false pretenses should be alleged to be the *sole* cause thereof; but, to support a conviction, it need not appear that the false pretenses were the only inducement for giving credit or delivering property to the accused.   It is sufficient if they had such effect that without their influence upon the mind of the party defrauded he would not have given the credit.   *People v. Haynes*, 11 Wend., 557.   The indictment alleges that the false pretenses were the means by which defendant obtained the money, thus sufficiently showing that they were the inducements which controlled Cowham in loaning the money.

III.   It is argued that the pretenses were absurd, and of such character that a prudent and intelligent man would not have been deceived thereby.   The law will afford protection to the dull, stupid, confiding, and imbecile, against the acts of a cheat.   The wise and prudent are not alone protected.   If the false pretenses were made with the design of deceiving, and thereby obtaining credit or property, and had that effect, the guilty party cannot escape on the ground of the weak credulity of his victim.   See *State v. Montgomery*, 56 Iowa, 195.

IV.   At the trial, the defendant being without money or friends, the court appointed counsel to defend him.   He stated in open court that he had no means with which to employ counsel.   His statements to this effect were, against his objection, proved, in order to show the fact that he was without money or property.   It is now insisted that the evidence was erroneously admitted. We think differently.   The defendant's statements were in the nature of solemn declarations, which surely ought to be considered as evidence.   It is argued that the statements were made under compulsion, and ought not, therefore, to be admitted in evidence.   It cannot be so regarded.   Defendant voluntarily made the statement in order to enjoy a benefit which the law mercifully extends to pauper criminals.   He

ought not, after receiving the benefits of his statement, to be permitted to defeat justice by withholding it from the jury.

V. Certain letters written by the defendant, addressed to the imaginary English nobleman, his brother, which he cun-

*5. —: —: evidence of devices.* ningly inclosed in a business envelope of his victim, which had a direction for return to the victim, and a letter addressed to the victim by the supposed nobleman, delivered by the defendant himself, were admitted in evidence over defendant's objection. We think they were competent evidence, as they tended to show the devices and arts used to impose upon the person defrauded, and induce him to credit the statements made by the defendant.

VI. Various objections in the nature of criticisms of the instructions given the jury are urged upon our attention. We think the instructions are correct expositions of the law, expressed with reasonable clearness and accuracy.

VII. One instruction is complained of upon the ground that there is no evidence to which it is applicable. We find such evidence, without difficulty, on the record.

VIII. Two or three other instructions were in print, and not in writing. This is made the ground of complaint. The *6. INSTRUC- TIONS: may be in print.* statute, it is true, directs that instructions shall be given in writing. The law is sufficiently complied with by presenting them in print. And, if it should be held that this is erroneous, it cannot be claimed that prejudice resulted therefrom to defendant.

IX. It is urged that the district court erred in not requiring the jury to find specifically upon certain questions of *7. CRIMINAL law: special verdict.* fact involved in the case. The statute authorizing special findings is applicable alone to civil cases. Code, §§ 2806–2809. There can be no special verdicts in criminal cases. The evidence, we find, sufficiently supports the verdict. The foregoing discussion disposes of all questions in the case. The judgment of the district court must be

AFFIRMED.