THE STATE v. FOOKS.

1. **Criminal Law**: FALSE PRETENSES: FACTS CONSTITUTING. Where defendant obtained property under the false pretense that he had purchased a farm in the neighborhood, *held* that this was a falsehood in regard to an existing fact, and sufficient to sustain a judgment of conviction.

2. ———: WAIVER BY DEFENDANT OF PRESENCE OF WITNESS. It is competent for a defendant in a criminal case to waive the presence of one of the state's witnesses, and to agree to have his written testimony read to the jury. Compare *State v. Polson*, 29 Iowa, 133. *State v. Carman*, 63 Iowa, 130, distinguished.

*Appeal from Hardin District Court.*

FRIDAY, DECEMBER 12.

THE defendant was indicted, tried and convicted of obtaining certain property by means of false pretenses, and he appeals.

*T. H. Milner*, for appellant.

*Smith McPherson*, *Attorney-general*, for the State.

ROTHROCK, CH. J.—I.   The indictment in this case charges the defendant with obtaining a watch and chain and a pair

**1. CRIMINAL law : false pretenses : facts constituting.** of bracelets from one T. H. Hollister by false pretenses.   It is urged by counsel for the defendant that the falsehoods relied upon were not statements of existing facts, but were in the nature of promises to do and perform certain acts in the future.   The allegations of the indictment, and the evidence in the case, and most of the questions made, are somewhat similar to the case of *State v. Fooks, ante,* 196, decided at the present term—the defendant in both cases being the same—and both transactions appear to have been parts of a general scheme of defendant to obtain money and property by false-hood and deceit.   It was held in the other case that the false pretenses were sufficient to authorize a conviction.   This is a stronger case against the defendant than that, because the defendant falsely represented to Hollister that he had just purchased a certain farm in the neighborhood, and this was the principal representation which induced Hollister to part with the watch and other property.

II.   There are two or three questions which are not common to both cases, which we briefly consider.   It is claimed that the evidence does not show that Hollister relied upon the representations made by the defendant, but upon representations made by another person whom the defendant called upon to vouch for his (the defendant's) financial standing and credit.   As we read the record, this claim is not supported by the evidence.   The jury were fully warranted in finding that the representations relied upon were made by the defendant.

III.   By agreement of counsel for the state and the defense, the presence of one of the witnesses for the state was waived,

2. ——: waiver by defendant of presence of witness. and a written statement of his testimony was read to the jury. It is objected that this was a violation of the defendant's constitutional right to be confronted with the witnesses against him. We think it is a right which may be waived by him. *State v. Polson*, 29 Iowa, 133. This agreement involved nothing more than a waiver of the manner of introducing the evidence for the prosecution. It was not an entire departure from the mode of trial, as in *State v. Carman*, 63 Iowa, 130, where the defendant waived a jury, and his guilt was found and pronounced by the court.

IV. The defendant was sentenced to confinement in the penitentiary for three years. It is urged that the punishment is excessive. We see nothing in the record to justify us in interfering with the judgment on this ground.

                                                        AFFIRMED.