## GORE v. STATE.

CRIMINAL PROCEDURE:   *Trial for felony:   Presence of defendant.*

Section 2213 Mansfield's Digest which provides that if a defendant on trial for a. felony, escapes from custody after his trial has commenced, "or if on bail, shall absent himself during the trial, the trial * * * may progress to a verdict,"· is not unconstitutional.   The guaranty of the Constitution (Art. 2, Sec. 10) that the defendant shall have the right to be confronted with the witnesses· against him, does not include the right to abscond and then complain of his· own absence.

APPEAL from *Montgomery* Circuit Court.

L. LEATHERMAN, Special Judge.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford*,. for appellee.

Appellant, having absconded, the court properly proceeded with the trial to verdict.   *Sec. 2213 Mansf. Dig.*

SANDELS, J.   Appellant, E. N. Gore, was indicted in Montgomery Circuit Court for grand larceny and gave bail for his appearance.   He was present at the commencement of the trial, on the 17th day of February, 1880.   On the next day, and during the progress of the trial he absented himself. Thereupon, the Prosecuting Attorney having elected to proceed, the court allowed the cause to progress to a verdict. The jury found appellant guilty.   Subsequently, on the 21st: day of August, 1889, appellant was brought into court in custody of the Sheriff, and judgment was rendered upon the verdict.

The motion for a new trial states three grounds, viz.:

(1.)   Defendant was tried for a felony in his absence.

(2.)   Defendant was absent when the verdict was rendered,. or returned into court.

(3.)   The jury was charged by the court that if the value of the goods taken by defendant amounted to $2, they should find him guilty and assess his punishment at not less than one: year in the penitentiary.

There is no bill of exceptions, and we do not know what instructions were given by the court.

*Trial for felony: Presence of defendant.* The only question arising upon the record is, does section 2213 Mansfield's Digest, violate the Constitution ? That section is as follows :

" If the indictment be for a felony the defendant must be present during the trial. If he escapes from custody after the trial has commenced, or if on bail, shall absent himself during the trial, the trial may either be stopped or progress to a verdict, at the discretion of the Prosecuting Attorney ; but judgment shall not be rendered until the presence of the defendant is obtained."

It has been uniformly held by this court that a defendant, charged with felony, has a right to be present at every stage of his trial. Sections 8 and 10 of Article 2 of the Constitution have been construed to guarantee him that right. And it has been often held that a defendant cannot waive his constitutional rights by agreement. It is now to be determined whether the constitutional guaranty that the defendant shall be confronted with the witnesses against him remains, where he, pending a trial, absconds and refuses to be confronted. Neither direct authority nor analogy are lacking in the construction of this guaranty.

For two hundred years it has been ruled in England that where a witness is absent by the fraudulent procurement of a defendant, the deposition of the witness taken on a preliminary hearing may be read in evidence. *Lord Morley's case, 6 State Trials, 770; Harrison's case, 12 State Trials, 851; Reg. v. Scaife, 17 Ad. and El. (N. S.), 242,* and the same doctrine prevails in this country. *Drayton v. Wells, 1 Nott & McCord, 409; Williams v. State, 19 Ga., 403 ; Reynolds v. U. S., 98 U. S., 145-158 ; 1 Greenleaf on Ev., 163 ; 1 Taylor on Ev., 446 ; 1 Wharton on Ev., 178.* In the last mentioned case Chief Justice Waite, delivering the opinion of the court, says :

" The Constitution gives the accused the right to a trial at which he should be confronted with the witnesses against him ; but if a witness is absent by his own wrongful procurement, he cannot complain if competent evidence is admitted to supply the place of that which he has kept away.

" *The Constitution does not guarantee* an accused *person* against the *legitimate consequences of his own wrongful acts.* It grants him the privilege of being confronted with the wit- nesses against him; but if he voluntarily keeps the witness away he cannot insist on his privilege.   If, therefore, when ab- sent by his procurement their evidence is supplied in some lawful way, he is in no condition to assert that his constitu- tional rights have been violated."

And after reviewing the English and American authorities upon the point, he adds :   "We are content with this long usage which so far as we have been able to discover has rarely been departed from.   It is the outgrowth of a maxim based on the principles of common honesty, and if properly ad- ministered can harm no one."

In *United States v. Davis, 6 Blatchford, C. C. Rep., p. 464,* it was ruled that where a defendant was so violent and ob- streperous as to prevent the orderly progress of his trial, it was proper to remove him from the court and proceed with the trial.   In *Price v. State, 36 Miss., 531,* and in *Fight v. State, 7 Ohio, 327,* it is held that where a defendant, pending his trial, absconds, it is proper to proceed to verdict.   The Constitution guarantees him the *right* to be present, but this guaranty was never intended to include the right to abscond and then com- plain of his own absence.

We hold the statute constitutional and affirm the judgment.