STATE OF MISSOURI, Respondent, v. WILLIFORD, Appellant.

St. Louis Court of Appeals, April 4, 1905.

1. CRIMINAL PRACTICE: Right of Accused to Meet Witnesses: Waiver. The right guaranteed by section 22, article 2, of the Constitution of Missouri, that one accused of a crime may "meet the witnesses against him face to face," may be waived by him, and where one charged with a crime agrees that the testimony taken in the trial of another case against him may be introduced, he thereby waives his constitutional right as to such testimony.

2. EMBRACERY: Elements of the Crime. In order to make out a case against one charged with attempting to improperly influence a juror, under section 2045, Revised Statutes of 1899, it must be shown that the person sought to be influenced had been summoned and sworn, as a juror, and that there was some case in which he was sworn, civil or criminal then pending before the court.

Appeal from Ozark Circuit Court.—*Hon. Asberry Burkhead,* Judge.

REVERSED.

*Boone, Harrison & Boone* for appellant.

*T. J. Luna* for respondent.

### STATEMENT.

The defendant was informed against for embracery in the circuit court of Ozark county by the prosecuting attorney of said county under sec. 2045, R. S. 1899, in two separate and distinct informations. The first charged defendant with unlawfully and corruptly attempting to improperly influence one McCully, a juror. On this information defendant was tried and acquitted by the court, sitting as a jury.

The second information charged that on May 15, 1903, a certain jury of said county being then and there duly summoned, sworn and empaneled to sit as jurors in a certain issue joined, wherein the State of Missouri was plaintiff and one Floyd Hall was defendant, then pending and on trial in the circuit court in and for said county, the said circuit court then and there having jurisdiction of said criminal action, and one Dave Williford, well knowing the premises and facts aforesaid, and J. C. Wallace, one of the jurors of said jury, corruptly intending to hinder and prevent a fair trial by the jury aforesaid, did on behalf of said Floyd Hall, defendant in said action, unlawfully and corruptly attempt improperly to influence the said J. C. Wallace, one of the jurors of said jury, and incline him to be more favorable to the side of the defendant than to the side of the plaintiff in the trial and decision of said issue so as aforesaid joined and on trial before said jury by then and there uttering to and in the presence and hearing of said J. C. Wallace, divers words and discourses by way of commendation of the said Floyd Hall and in his said cause of action and in disparagement of the said State of Missouri, plaintiff, contrary to the statutes, etc., and against the peace and dignity, etc.

On this last mentioned information the defendant was tried and convicted in the circuit court. A jury being waived, the case was tried before the court.

The case arising on this last above mentioned information is the case here for review. The facts are when the case came on for trial on the first above mentioned information, that charging the corrupt attempt to influence one McCully, a juror, in the case of State v. Floyd Hall, a jury was waived and the issue was tried to the court. Witnesses, to-wit: McCully, Wattenbarger and J. C. Wallace each testified for the State that they were summoned and sworn on a certain jury in the case of State v. Floyd Hall in the circuit court. That after being so summoned, the defendant approached each separately and had some conversation about the cases to the effect that it was desired to acquit Hall, the defendant therein. None of these jurors testified as to what occurred between defendant and the other jurors; each testified to a different and distinct conversation had with himself.

The evidence was sufficient prima facie to sustain the allegation that defendant sought to improperly influence the members of the jury in favor of Hall after the jurors were summoned, but there was no evidence introduced on the part of the State tending to prove that Floyd Hall had been indicted or informed against or that there was then pending in the said court a cause of any kind against said Hall or that the jury had been summoned, sworn and empaneled therein, other than the mere verbal statement of the witnesses that they had been summoned and sworn in the case of State v. Hall.

The defendant testified in his own behalf that he did not offer any inducements or intend to offer any inducements to influence any of the jurors aforesaid; that he had a conversation with two or three of the jurors; that he had no conversation with the juror McCulley, tending to influence his action; had asked McCulley what he thought of the chance of the negro going clear.

McCulley said he was on the jury and could not talk about the case, and this ended the conversation. That at the time he mentioned the case to the several jurors he did not know they were summoned on the jury; that he did not attempt nor intend to influence any one of them. On this state of facts the court, sitting as a jury, found the issue in the first case, that involving the alleged attempt to influence McCulley, for the defendant, and acquitted him thereon.

The next case coming on for trial, to-wit, the case arising on the information alleging an attempt to improperly influence the juror, J. C. Wallace, which case is now here for review, the prosecuting attorney and the defendant's attorney by agreement, submitted the case to the court without a jury on the record and evidence in the prior case and no other evidence was introduced therein. The prosecuting attorney then asked leave to enter a *nolle prosequi* in said cause. The court refused the request and defendant excepted to such action of the court.

No instructions were asked or given. The court found defendant guilty as charged and assessed his punishment at a fine of $100. Motions for new trial and in arrest were promptly filed and overruled.

The case is here by appeal. Appellant assigned as error the action of the court in admitting the testimony in the former case as the only evidence in this case and in convicting appellant thereon. Also the action of the court in refusing to permit the prosecuting attorney to *nolle prosequi* this case.

NORTONI, J. (after stating the facts).—By sec. 22, art. 2, of the Constitution of Missouri, the accused is guaranteed the right to "meet the witnesses against him face to face," but the accused can waive this constitutional right. State v. Wagner, 78 Mo. 644; State v. Poulson 29 Ia. 188; Cooley's Const. Lim. (7th Ed.), 450-452; Merrill v. City of St. Louis, 83 Mo. 245; State v.

Hope, 100 Mo. 347, 13 S. W. 490. In the present case, the testimony in the former trial was introduced against defendant without objection from him and in accordance with the agreement entered into by his counsel and the prosecuting attorney. This amounts to a waiver on his part beyond all question, and the court permitted no error in admitting the testimony taken in the former trial under those circumstances.

The objection that the evidence is insufficient to support the finding of the court is well taken. To support the conviction under sec. 2045, R. S. 1899, for embracery in this case, it was incumbent upon the State to prove that defendant attempted "improperly to influence any juror in any civil or criminal case . . . in relation to any matter pending in the court . . . before whom such juror shall have been summoned or sworn."

The portion of this section quoted applies to one class of persons upon whom an attempt to improperly influence must be made in order to come within its purview, to-wit: "Any juror" that is a qualified and acting juror. The word "juror" as employed in the first paragraph of the section has reference to the man who has been sumoned, sworn and empaneled and thus constituted and made a juror in one of the cases mentioned in the statute. The person who attempts improperly to influence such jurors is guilty under the first paragraph. The information in the case at bar is predicated upon this paragraph. It charges J. C. Wallace to have been a juror in the Hall case. The proof does not sustain it.

The second paragraph of the section treats of another class. It is "or anyone summoned as a juror" and has reference to one summoned as a juror, who may, by the process of taking the oath, answering on the *voir dire* and finally being sworn and empaneled, become a juror. This paragraph levels the penalty of the law at the person who seeks to improperly influence one summoned for jury service in a case mentioned, whether

such person shall have been sworn and empaneled or not. If he be summoned for jury service in a case pending in the court it is sufficient. But even in that case a conviction could not be sustained by merely showing that the person summoned for jury service had been summoned and sworn without going further and showing that there was some case, civil or criminal, then pending in the court before whom such juror was summoned or sworn and that such person had been summoned for the purpose of rendering jury service therein and that an attempt had been made to improperly influence him. As said above, the information stated a case under the first paragraph and the lower court proceeded upon that theory. In order to sustain a conviction, it was essential that it be made to appear that J. C. Wallace had been summoned, sworn and empaneled and was a juror in the case set out in the information and that such case was a "matter pending in the court." To have shown this it was incumbent upon the State to introduce the records in the case of State v. Hall, showing that such case was pending in the court, as charged in the information, and that J. C. Wallace had not only been summoned but had, in addition thereto, been sworn and empaneled therein, and thus made and constituted a juror in such case. 3 Greenleaf on Evidence (16th Ed.), sec. 101; State v. Shoemaker, 7 Mo. 177; Kelley, Crim. Law & Prac., sec. 241.

The evidence in the record on this matter is as follows:

"Q. I will ask you if you were summoned on a jury of forty men about the fifteenth of last May in the case of State of Missouri v. Floyd Hall, defendant? A. Yes, sir."

All that this eviednce shows is that forty men had been summoned for jury service in the Hall case. Wallace was one of them, and this brings him within the provision of the second and not the first paragraph of

the section upon which the information  is based.   It fails to show that he was either sworn or empaneled as a juror in that or any other case.   There was no evidence before the court showing that such a case as State v. Hall was pending therein and that the jury of which J. C. Wallace was a  member had been  empaneled and for this reason the case must be reversed.

It is not necessary to notice the point made on the refusal of the court to permit the prosecuting attorney to enter a *nolle prosequi.*

For the reason above stated, the judgment is reversed.   All concur.