## WASHINGTON *v.* THE STATE.

ATKINSON, J. 1. In the absence of a timely written request, it is not erroneous for the court to omit to charge the law upon the subject of the impeachment of witnesses. *Brown* v. *McBride*, 129 *Ga.* 92 (7), 93 (58 S. E. 702); *Baker* v. *State*, 121 *Ga.* 189 (48 S. E. 967); *Phillips* v. *State*, 121 *Ga.* 358 (49 S. E. 290).

2. There was no evidence as to difference in race and social standing of the accused and the woman alleged to have been raped; hence, under no view was it error for the judge to fail to charge the doctrine of *Dorsey* v. *State*, 108 *Ga.* 477 (2), 480 (34 S. E. 135), to the effect that such matters may be considered in determining the intent with which the accused acted, etc.

3. The woman alleged to have been raped testified to the fact, and her testimony was corroborated by that of other witnesses. Error was assigned upon the failure of the judge to charge, without request, "that the accused should not be convicted upon the woman's testimony alone, however positive it may be, unless her testimony was corroborated by other evidence." *Held*, that, under the facts stated, there was no error in such omission.

4. "Where the sheriff deputized a person to take charge of the jury pending the trial of a criminal case, and the appointee acted as bailiff and had charge of the jury, without being sworn, a new trial will be granted." *Roberts* v. *State*, 72 *Ga.* 673.

(*a*) Accordingly, where, after a jury had retired to consider of their verdict in a felony case, the sheriff deputized a person who was not an officer to take charge of the jury, and the person so deputized, not having been sworn, accompanied them to a boarding-house to get supper, and afterwards accompanied them to the court-house, where they were put in charge of the sheriff, a new trial must be granted, although it appears from the affidavit of such appointee upon the hearing of the motion for new trial that the jury were in his custody "for not more than forty minutes," and "that affiant guarded said jury, kept them

segregated from other persons, and that affiant said nothing in the presence of said jury in reference to said case, and no member of said jury said anything in the presence of affiant in reference to said case, and that no member of said jury had any communication with any other person in said case during said time."

(b) The facts above recited are similar to the facts involved in the case of *Roberts* v. *State*, supra, and the ruling there made requires that a new trial should be granted.

> *Judgment reversed. All the Justices concur.*
> JULY 10, 1912.

Indictment for rape. Before Judge Hawkins. Laurens superior court. April 16, 1912.

General Washington was indicted in Laurens county for the crime of rape, alleged to have been committed on the person of Ada Wright. Both were persons of color, and there was no evidence as to difference in their social standing. The jury convicted the accused, and recommended him to the mercy of the court. A motion for new trial was made, which was afterwards amended. On the hearing the judge overruled the motion and refused a new trial. The defendant excepted.

*Burch & Burch,* for plaintiff in error. *T. S. Felder, attorney-general,* and *E. D. Graham, solicitor-general,* contra.