## LANE *v.* THE STATE.

1. "It is not necessary for the judge, in charging a jury in a criminal case, to make introductory remarks as to the importance of the case both to the State and the accused; but it is not error requiring a new trial for him to do so, provided what is said is not a misstatement of the law or calculated to prejudice the minds of the jurors against the accused."
2. The female alleged to have been raped testified to the fact, and her testimony was corroborated by that of other witnesses. The failure of the court to instruct the jury that no conviction could be had unless the victim's testimony was corroborated by that of other witnesses was not error.

JULY 15, 1913.

Indictment for rape. Before Judge Parker. Clinch superior court. May 3, 1913.

*B. W. Cornelius* and *R. G. Dickerson,* for plaintiff in error.

*T. S. Felder, attorney-general, M. D. Dickerson, solicitor-general,* and *S. Burkhalter,* contra.

EVANS, P. J. The plaintiff in error, a negro man, was convicted of the rape of a white woman. The person alleged to have been raped positively identified the plaintiff in error as her assailant, and testified that he had carnal knowledge of her forcibly and against her will. She made immediate complaint, displayed her torn clothing and a wound upon her mouth, made, as testified to by her, by the accused in stifling her outcry. The scene of the crime was near the home of the victim. and bore evidence of a struggle.

1. Complaint is made of the court's introductory instruction: "You sit as impartial men between the State of Georgia, and this defendant. You have a very important and serious duty to perform. It is a matter of the most vital importance to this accused,

because with him it is a matter of life or death or imprisonment in the penitentiary; it is a matter of no less importance to the State of Georgia, that if her laws have been violated, that they shall be vindicated. The only way we can get protection for our-selves, our homes, our lives, our property, and our person is through a due and proper administration and enforcement of the law. I charge you that the law is just as truly vindicated in the acquittal of an innocent man as it is in the conviction of a guilty man. And at last the purpose and object of every legal investigation is the discovery and ascertainment of the truth. That is the purpose of this trial." The criticism is that it tended to stress the im-portance of the case and amounted to an intimation that the accused was guilty. It is not necessary for a judge, in charging a jury, to make introductory remarks as to the importance of the case, but the propriety of doing so must be left to the judge; and unless the charge contains a misstatement of the law, or the form of expression is calculated to prejudice the jury against the accused, a new trial will not be granted. *Vanderford* v. *State,* 126 *Ga.* 753 (55 S. E. 1025) ; *Johnson* v. *State,* 128 *Ga.* 102 (57 S. E. 353) ; *Lyles* v. *State,* 130 *Ga.* 303 (60 S. E. 578). The giving of this instruction is not ground for a new trial in this case.

2. Complaint is further made of the court's omission to charge the jury that "before you are authorized to convict the defendant under the indictment in this case, you must find that the victim's oath has been corroborated by other evidence than her own." There was corroborating evidence, and the failure of the court to give this instruction was not error. *Washington* v. *State,* 138 *Ga.* 370 (75 S. E. 253). The evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*