## 5421. BUTLER *v.* THE STATE.

There was sufficient evidence to warrant the finding of the jury in this case, and the assignments of error are without substantial merit.

DECIDED APRIL 18, 1914.

Accusation of misdemeanor; from city court of Richmond county —Judge W. F. Eve. December 10, 1913.

Etta Butler was convicted of selling cocaine in violation of section 459 of the Penal Code. Her motion for a new trial was based on the usual general grounds, and on the following grounds: (5) "Because the court erred in excluding the evidence of Joe Bailey, a material witness called in behalf of the defendant, who would have testified that he was present when Georgia Moore (a witness for the State) claimed that she had made a purchase of a package of cocaine from the defendant and turned it over to the officers, and that no such purchase was made by the said Georgia Moore; defendant claiming that the evidence of said witness was excluded upon the ground that he was known as the common-law husband of defendant, and was therefore incompetent to testify for or against the defendant." (6) "That the State failed to prove the corpus delicti in said case, in that it failed to demonstrate that the article alleged to have been purchased from the defendant, which was chemically analyzed by Dr. Littleton, an expert witness for the State, in the presence of the jury, was cocaine; the said analysis having failed to show the slightest trace of cocaine—therefore demonstrating that the article alleged to have been purchased was not cocaine, and that there was no violation of law, if the said article had been purchased from defendant." (7) "Because the court erred, in delivering his charge to the jury, in commenting upon the offense with which the defendant was charged, in using the language: 'It is a misdemeanor, and a serious one; so that if the evidence establishes her guilt, then it is your duty to return a

verdict of guilty.'" (8) "The verdict is contrary to law, because the State failed to prove that the arrest of the defendant by the municipal officers of the city of Augusta was under a warrant. (9) "The verdict is contrary to law, because the defendant being arrested for violation of a State law without a warrant, and without the exigencies of the situation demanding the arrest of defendant without a warrant, the defendant claims that the State failed to prove on the trial that the municipal officers who arrested the defendant, charging her with a violation of a State law, failed to serve a warrant upon the defendant, but searched defendant's person without first obtaining a search warrant, and illegally obtained therefrom an alleged marked coin."

*Oswell R. Eve, John J. Foster,* for plaintiff in error.

*James C. C. Black Jr., solicitor,* contra.

WADE, J. (After stating the foregoing facts.) There was ample evidence to sustain the verdict, without considering the testimony of the expert as to the nature of the substance tested by him in the presence of the jury, or his further testimony as to the nature of the drug delivered to him by the witness Guy Sturgis and previously tested. Eva Holmes testified that she had often bought cocaine from the defendant, at the defendant's home in the city of Augusta, without a prescription, paying money therefor. She testified fully as to the effect cocaine had on her, and as to the different varieties of the drug on sale. Rosa Brown testified that she was a habitual user of cocaine and bought cocaine from the defendant three or four times, and that she began the use of the drug the previous summer at the house of the defendant. Annie Lou Jackson testified that she bought cocaine from the defendant several times at the defendant's house, and never had a prescription therefor, and that she had not bought any from the defendant since "last summer." Elise Etheridge testified that she had bought cocaine from the defendant many times, and never had a prescription from dentist, physician, or veterinary surgeon. Georgia Moore testified that she often visited the defendant's home in Augusta, and had been buying cocaine from her ever since the preceding summer (1912), without considering the transaction of June, 1912, when she bought some substance for policeman Mathews. All these witnesses testified that they had been habitual users of the drug and were familiar with its effects, and swore absolutely that

they had bought this particular drug from the defendant within two years preceding the time when the accusation was preferred against her.

It does not appear that any of the five female witnesses above mentioned had any chemical knowledge of the drug in question, but it does appear that they had the fullest and most unfortunate knowledge of its physical effects, and of the consequences arising from its use, and they all swore positively and without objection that the drug was cocaine. There is no hard and fast rule requiring that the nature of a substance should be proved by analysis and not otherwise. In seeking the truth the law looks to the highest and best evidence obtainable, but, in its absence, evidence of less probative value may be sufficient, especially where it is undisputed and where it is admitted without objection. The defendant's counsel must have deemed the knowledge of the non-expert witnesses sufficient, since the record discloses no effort to test the value of such knowledge or the basis upon which it rested.

The corpus delicti was amply proved by the testimony of the five women who testified against the defendant, without considering the evidence of the chemical expert. The evidence failed to show that the package delivered to the "wagon man" by a policeman was the same package received by Guy Sturgis at the police barracks, marked "Etta Butler, evidence dope, June 1, 1912, witness Sergeant Elliott," since it does not appear that Sturgis himself was the "wagon man" or that he had knowledge that this package was the package taken from Georgia Moore. Hence the corpus delicti is not proved by this evidence, and there is no evidence as to this particular package that is sufficient to connect the defendant therewith and to uphold a conviction; but the other evidence is ample, as stated above.

It is immaterial whether or not the court erred in holding that Joe Bailey was incompetent to testify, for the reason that he was the common-law husband of the defendant, since it does not appear in the record that, at the time it was proposed to introduce this witness, any statement was made as to what he would testify; and the statement made for the first time in the motion for a new trial as to what the witness would have sworn is not sufficient. It is therefore unnecessary to determine whether the witness should have been excluded as the alleged common-law husband of the de-

fendant. *McAllister* v. *State,* 7 *Ga. App.* 541 (67 S. E. 221);
*Shaw* v. *Jones,* 133 *Ga.* 450 (66 S. E. 240); *International Life Ins.
Co.* v. *Nix,* 11 *Ga. App.* 664 (75 S. E. 1058); *Barber* v. *State,* 136
*Ga.* 831 (72 S. E. 248); *White* v. *Barlow,* 72 *Ga.* 888 (4).

Taken by itself, the language of the trial judge in the charge
complained of in the 7th ground of the motion for a new trial
would call for careful consideration, and might possibly demand a
new trial; but when taken in connection with the associated portion
of the charge, it could not have injured the defendant. It appears
that the chemical expert was examined as to the terrible conse-
quences arising from the unrestricted and habitual use of cocaine,
and that he gave a graphic but concise statement of the degrading
and horrible effects of the drug, and this evidence was admitted
without objection; and it appears also that the defendant's counsel
examined some of the State's witnesses at length on the conse-
quences of its use and the serious effects thereof. The judge in
charging the jury (with the evident desire, as we interpret the
charge, to protect the defendant from the injurious effect of any
evidence as to the grave results arising from the use of the drug)
used the following language: "I charge you that the evidence of
an expert, relative to the pernicious effects of cocaine upon the
human system and the degrading effect it has upon the moral char-
acter of a constant user of the same, should be considered as a
scientific statement of its general effects upon a human being, and
should not be considered by the jury in their deliberation over the
question at issue in this case, as to the innocence or guilt of the
defendant in selling the prohibited drug. In other words, the
scientific effect of the drug upon the human system generally would
not determine whether the defendant in this case sold or did not
sell the drug. Gentlemen, you consider the effect, in view of the
seriousness of the offense; but however serious, the offense with
which a party is charged does not in itself elucidate the question
of guilt or innocence. The question for you to try is: Was she
guilty of selling cocaine? If she was guilty, then it is your duty
to return a verdict of guilty, because it is a violation of law. It is
a misdemeanor and a serious one, so that if the evidence estab-
lishes her guilt, then it is your duty to return a verdict of guilty.
On the other hand, it matters not how serious an offense is, if the
party upon trial is not guilty, then it is your duty to acquit." The
jurors must be presumed to be men of ordinary intelligence, and

the evident intention of this charge was to impress upon the jury the fact that they were to look to the question of guilt or innocence, and not to regard the gravity of the offense in determining the guilt of the accused. *Lane* v. *State,* 140 *Ga.* 222 (78 S. E. 837).; *Vanderford* v. *State,* 126 *Ga.* 753 (55 S. E. 1025); *Johnson* v. *State,* 128 *Ga.* 102 (57 S. E. 353); *Lyles* v. *State,* 130 *Ga.* 302 (60 S. E. 578).

The eighth and ninth grounds of the motion for a new trial are without merit. The defendant failed to object at the trial to the introduction of the testimony obtained through the arrest and search of the defendant by the municipal officers, and made no proof that the arrest and search complained of were made without the authority of a warrant. It appears from the record that the objection to this evidence was raised for. the first time in the motion for a new trial. In order to be of any avail to the defendant, the objection should have been urged when the evidence was offered. *Davis* v. *State,* 4 *Ga. App.* 318 (61 S. E. 404); *Williams* v. *State,* 7 *Ga. App.* 33 (65 S. E. 1097). Especially are these complaints without merit since the conviction may rest altogether upon the undisputed evidence of witnesses who testified about other transactions, not connected with what occurred at the time of the arrest.

*Judgment affirmed. Roan, J., absent.*