## DENSON *v.* THE STATE.

1. The failure of the court, in the trial of a case of rape, to instruct the jury that no conviction can be had unless the victim's testimony is corroborated by that of other witnesses, is not error, where it appears that the testimony of the woman alleged to have been ravished was corroborated by that of other witnesses.

2. The evidence authorized a charge upon the law of confessions of guilt.

3. Where in a criminal case no motion for a postponement of the trial or a continuance of the case is made, and no ruling of the court invoked and made, there is nothing which this court can review.

4. A conviction in a capital case cannot be set aside for the admission of depositions in pursuance of voluntary stipulations by the parties. By making such stipulation the defendant waives his constitutional right to be confronted by the witness. The stipulation is binding whether made by the defendant or his counsel, and whether his counsel be of his own choosing or are appointed by the court to represent him in the trial of his case; especially where no objection to the

admission of the depositions, or to the power of counsel to make the agreement, was raised.

No. 1909.  OCTOBER 12, 1920.  REHEARING DENIED NOVEMBER 12, 1920.

Indictment for rape.  Before Judge Park.  Wilkinson superior court.  January 19, 1920.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff in error.

*Clifford Walker, attorney-general, Doyle Campbell solicitor-general,* and *M. C. Bennel,* contra.

GEORGE, J.  Jim Denson was convicted of rape, and sentenced to death.  He made no motion for a new trial, but brought his case by a direct writ of error, alleging that certain errors prejudicial to him were committed at the trial, as was done in the case of *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897).

1. One of the errors complained of is that the court omitted to charge, without request, that the accused could not be convicted of the offense of rape on the uncorroborated testimony of the woman alleged to have been ravished.  The rule was applied in *Davis* v. *State,* 120 *Ga.* 433 (48 S. E. 180), two Justices dissenting, that one accused of rape can not be convicted on the uncorroborated testimony of the woman alleged to have been raped.  Nevertheless it has been expressly ruled that "the failure of the court to instruct the jury that no conviction could be had unless the victim's testimony was corroborated by that of other witnesses was not error," where, as in this case, it appears that the victim's testimony was in fact so corroborated.  *Lane* v. *State,* 140 *Ga.* 222 (78 S. E. 837).

2. On the trial of the case the court gave in charge to the jury sections 1028 and 1032 of the Penal Code, relating to confessions of guilt.  The complaint is made that this charge was unauthorized by the evidence.  This exception is not borne out by the record.  From the brief of evidence it appears that the defendant freely and voluntarily confessed his guilt, as detailed by more than one witness for the State.  The confession was corroborated by the facts and circumstances of the case, and by the direct evidence of the woman alleged to have been raped.

3. Error is assigned upon the failure of the court to postpone or continue the case.  It appears that the defendant was indicted at a special term of the superior court of Wilkinson county, held on January 19, 1920.  An order calling such special term of the court was passed on January 10, 1920.  On January 15, 1920, the

court, by appropriate order, appointed counsel to represent the defendant, it being shown to the court that the defendant was, on account of his poverty, unable to employ counsel. The indictment was returned on January 19, 1920, and the case against the defendant was called for trial. Counsel for the defendant stated that the defendant desired two witnesses, but did not ask for a postponement or continuance of the case, and did not inform the court what the witnesses, if present, would swear. Whether the witnesses knew anything about the case, or whether their testimony would have been relevant or material, if present and sworn, is not made to appear. There was, therefore, no error in directing counsel to proceed with the selection of a jury and the trial of the case.

4. During the progress of the trial, the State offered in evidence the testimony of the woman alleged to have been ravished. The evidence thus offered and admitted was taken before the grand jury, and counsel for the State and for the defendant were present in the grand-jury room, and examined and cross-examined the witness. The evidence was reported by the official court reporter. No objection was made to the evidence at the time of its introduction. In the bill of exceptions the admission of this evidence is excepted to upon the ground that the accused, under article 1, section 1, paragraph 5, of the constitution of this State, was entitled to be confronted with the witnesses against him; to have the manner and demeanor of the witness adjudged of by the jury trying the case; and to the right of sifting cross-examination before the jury trying the case. It is insisted that the admission of this evidence denied to the defendant due process of law as guaranteed by the constitution of this State and the constitution of the United States, and especially as guaranteed by the fourteenth amendment to the constitution of the United States. It is also insisted that the defendant was thereby denied his right to defend his own case "in person, or by attorney, or both," as guaranteed by article one, section one, paragraph four of the constitution of this State. It appears that counsel appointed to defend the accused agreed with counsel for the State to take the evidence of the woman alleged to have been raped before the grand jury, and to use such evidence upon the trial of the case. Before the introduction of the evidence counsel for

the State, in the presence of the accused and his counsel, stated the agreement, and the evidence of the witness was then read to the jury in the presence of the accused and his counsel, and, as we have said, without objection. It is insisted that this agreement of counsel did not and could not bind the accused, and that the failure of counsel, appointed by the court to represent the defendant, to object to the introduction of such evidence was and is not binding upon the accused. When a defendant in a criminal case expressly consents that secondary evidence of the testimony of a witness may be used against him on the trial, he thereby waives his constitutional right of confrontation by such witness. On this proposition there is virtually no conflict of authority. It is generally agreed that stipulations, whether made by the defendant himself or by his counsel, are binding. The authorities are generally agreed upon the proposition that it is immaterial whether the stipulation is made by counsel employed by the accused or by counsel appointed by the court for the accused. In one State, Texas, it is held that the stipulation, in order to be binding, must be made by the accused himself. See Bell v. State, 2 Tex. App. 215 (28 Am. R. 429); Allen v. State, 16 Tex. App. 237. In the dissenting opinion in People v. Murray, 52 Mich. 288 (17 N. W. 843), Sherwood, J., vigorously asserts that the accused on the trial of the case is entitled to be confronted by the witnesses against him, and that the waiver of this right by his counsel, especially counsel appointed by the court to defend him, is not binding upon him. The contrary is, however, ably stated by Cooley, J., as follows: "The facts seem to be that the attorneys for the respective parties stipulated to put in certain depositions on both sides, and they were put in accordingly. This, it is said, was in violation of the respondent's constitutional right to be confronted with his witnesses. But the court made no ruling in this matter; what was done was voluntarily done by the parties; the defendant had the benefit of the stipulation, and, for aught we can know, it may have been made chiefly in his interest. But, however that may be, when the court has made no ruling, we can have nothing to review. This court cannot relieve a party from a criminal conviction because of his own voluntary action on the trial. It is said the counsel for respondent was counsel assigned to him by the court and may

not have been counsel of his choice. . . But, however that may be, the counsel acted for the respondent without objection, and without complaint that he did not do the best he could for him. The defendant undoubtedly had a constitutional right to be confronted with his witnesses. . . And it would be a palpable usurpation of power for us now to set aside a judgment for a neglect of the court, not at the time complained of, but in respect to something where any other course would have been plain error. . . I am anxious to preserve in its entirety every constitutional right, but I do not understand that the constitution is an instrument to play fast and loose with in criminal cases or any other, or that it has for a chief purpose to shield persons against the consequences of their criminal conduct." The force of the observations made by the learned Justice is borne out when it is remembered that the witness, in this case, had been examined and cross-examined by counsel for the accused on the very day of his trial; and if objection had been made to the evidence when offered, presumably the State would have produced the witness in person. Moreover, the witness did not positively identify the accused. She described his appearance and the manner in which he was dressed. She detailed the circumstances and the method and force employed by her assailant in the commission of the rape. She was an elderly woman, 72 years of age. She lived alone in her home in the country. The rape was committed just before dawn on the 8th day of January. The victim was sitting by the fire which she had lighted, when assaulted. Her assailant threw an oil-cloth apron over her head and face, and for this reason she was unable to positively identify the defendant as her assailant. As pointed out by Professor Wigmore, "the main and essential purpose of confrontation is to secure the opportunity of cross-examination." 2 Wigmore on Evidence, § 1395. The advantage to be obtained by the personal appearance of the witness, her demeanor upon the stand and manner of testifying, is merely secondary. The importance of this secondary advantage is not, however, to be minimized. The point we wish to stress is that the primary advantage, and the one which the constitutional provision mainly guarantees, is the right of the accused to be confronted by the witness against him, to secure the opportunity of thorough cross-examination. This opportunity

and right the accused had and enjoyed. In line with the weight of authority we hold that the waiver by counsel, though appointed by the court, was binding upon the accused. See Wray v. State, 154 Ala. 36 (45 So. 697, 15 L. R. A. (N. S.) 493, 129 Am. St. R. 18, and authorities cited in note, 16 Ann. Cas. 362) ; State v. Fooks, 65 Iowa, 196, 452 (21 N. W. 561, 773) ; State v. Mitchell, 119 N. C. 784 (25 S. E. 783) ; State v. Olds, 106 Iowa, 110 (76 N. W. 644) ; State v. Williford, 111 Mo. 668 (86 S. W. 570) ; State v. Mortensen, 26 Utah, 312 (73 Pac. 562, 633) ; 2 Bishop's New Criminal Procedure (2d ed.), § 1205; 16 C. J. 840. Compare also *Williams* v. *State,* 19 *Ga.* 402; *Sarah* v. *State,* 28 *Ga.* 576 (2) ; *Cawthon* v. *State,* supra; *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817) ; *Smith* v. *State,* 147 *Ga.* 689 (95 S. E. 281) ; *Towns* v. *State,* 149 *Ga.* 613, 614 (101 S. E. 678).

*Judgment affirmed. All the Justices concur.*