## TERRITORY OF HAWAII *v.* ELINO YAMBA.

### No. 2599.

SUBMITTED JANUARY 21, 1947.              DECIDED MARCH 3, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

478

The defendant was charged in one indictment upon two counts with the commission of separate crimes of assault and battery with a weapon obviously and imminently dangerous to life. After trial the jury rendered two verdicts of "guilty as charged," one on each count. The court orally and respectively adjudged the defendant guilty of the crimes set forth in the indictment and orally imposed respective sentences, the adjudications and sentences being recorded by the clerk and entered as a minute order of the court. The defendant appeals by writ of error, the assignments thereof presenting four questions of law.

The first question to be considered is whether the constitutional right of confrontation may be waived on behalf of the defendant by action of his attorney. The record shows that the defendant's attorney in open court and in the presence of the defendant voluntarily entered into a stipulation that a certain medical report be admitted in evidence without the physician who made it taking the witness stand, the defendant neither objecting to the action of his attorney nor challenging the attorney's authority. It is well settled in this jurisdiction and generally agreed elsewhere that a stipulation through counsel to the admission in evidence of the testimony of an absent person waives the defendant's right of confrontation by such person as a witness. (*Ter.* v. *Goto*, 27 Haw. 65; *Ter.* v. *Fukunaga*, 30 Haw. 697; *Fukunaga* v. *Territory*, 33 F. [2d] 396; *United States* v. *Sacramento*, 2 Mont. 239, 25 Am. Rep. 742; *The State* v. *Fooks*, 65 Iowa 452, 21 N. W. 773; *Denson* v. *State*, 150 Ga. 618, 104 S. E. 780. See *Diaz* v. *United States*, 223 U. S. 442, 56 L. ed. 500.) Hence the question is answered in the affirmative.

The second is whether the evidence is sufficient to sustain both verdicts. It also is answered in the affirmative without necessity of elaboration, there being an abundance of substantial evidence as a matter of law to support the verdicts in every particular.

The third is whether the verdict on each count of "guilty as charged," the adjudication of guilt by the court of "the crime of assault and battery with a weapon obviously and imminently dangerous to life as set forth in count one of the indictment therein," as well as that of the same import relative to count two, and the sentences of imprisonment, each of which made reference to the respective count of the indictment without further description of the crime, constitute valid final judgments. This question was not presented to the trial judge and the alleged errors underlying it on appeal are ones in the form and sufficiency of the verdicts and sentences in stating and describing the respective crimes. Assuming but not deciding that such alleged errors may be raised for the first time before this court by writ of error, no cause or defect in either the verdicts or sentences appears on the record upon which objections could properly be predicated. The verdicts are clearly responsive to the pertinent counts of the indictment, which with all certainty describe the crimes charged. The sentences also are responsive. They refer to the respective counts and followed as a natural sequence the adjudications of guilt which designate the particular crimes set forth in the indictment. Taken with the rest of the record, no part of either final judgment is susceptible to doubt as to what and which crime is the subject thereof. The question therefore is answered in the affirmative and the assignments of error presenting it are so devoid of merit as to be frivolous.

The same may be said of the assignments presenting the fourth question, which is whether the trial court "erred

480

in merely making an oral pronouncement of the sentence and judgment without a formal entry thereof in the record" and "without entering a formal signed sentence and judgment." There being no statute or practice in this jurisdiction requiring such formal entry, it was not incumbent upon the trial judge or court to enter and sign a formal sentence and judgment. More pertinent, the procedure adopted in the trial court is not only authorized by statute (R. L. H. 1945, §§ 10847, 10849) but recognized as the usual and accepted practice of circuit courts throughout the Territory, the record showing that after and pursuant to conviction the trial judge in open court adjudged the defendant guilty in his presence and thereupon sentenced him, which adjudication and sentence the clerk immediately recorded in a minute order of court. The question is therefore answered in the negative.

Nothing more need be said other than that all the assignments of alleged error are found to be without merit as evidenced by the determination of the questions they present.

Judgments affirmed.

*H. K. H. Lee* and *C. Y. Shimamura* for plaintiff in error.

*W. Z. Fairbanks*, Public Prosecutor, and *R. E. St. Sure*, Assistant Public Prosecutor, for defendant in error.