37891. MEYERS *et al. v.* CLARK.

QUILLIAN, Judge. 1. Failure of a bailiff to take the oath prescribed in Code § 59-717, relating to oaths of bailiffs taking charge of juries, is ground for the grant of a new trial. *Rob-*

erts v. *State*, 72 *Ga.* 673 (2); *Washington* v. *State*, 138 *Ga.* 370 (4) (75 S. E. 253); *Jackson* v. *State*, 152 *Ga.* 210 (3) (108 S. E. 784); *Hannah* v. *State*, 212 *Ga.* 313 (92 S. E. 2d 89).

2. Examination of the records of each of the above cases in the files of the Supreme Court discloses that in the first three cases cited the grounds of the motions for a new trial which complained of failure to swear the bailiff in each case did not contain any averments showing that such failure was unknown to the movant or to his counsel prior to the rendition of the verdict. Accordingly, we are constrained to hold that the well presented contention of defendant's counsel that special ground 1 is incomplete for failure to contain such averments is without merit.

3. Under the above authorities the court did not err in granting a new trial for failure to swear the bailiff who had charge of the jury during its deliberations. Other matters of unauthorized communication with the jury also complained of are not likely to recur on a new trial of the cause, and need not be considered.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

DECIDED DECEMBER 16, 1959.

*Brannen, Clark & Hester, H. Sol Clark,* for plaintiffs in error.
*Myrick, Myrick & Richardson,* contra.

FELTON, Chief Judge, dissenting. The defendants contend that the ground of the motion on which a new trial was granted is incomplete because it contains no averment that the matters complained of were not known to the movant or her counsel prior to the verdict. It is well settled by the decisions of the Supreme Court that failure of a bailiff to take the oath prescribed in Code § 59-717, relating to oaths of bailiffs taking charge of juries is ground for the grant of a new trial. *Roberts* v. *State*, 72 *Ga.* 673, supra; *Washington* v. *State*, 138 *Ga.* 370, supra; *Jackson* v. *State*, 152 *Ga.* 210, supra; *Hannah* v. *State*, 212 *Ga.* 313, supra. While it is true that only the last mentioned case contains averments in the motion itself showing that the

847

failure to administer the bailiff's oath was unknown to movant or to his counsel prior to the rendition of the verdict, it must be pointed out that these cases serve as mere physical precedents on the question of the completeness of this special ground. Since this point was not raised or decided in any of the above decisions, I do not think they can be considered conclusive on the question now before this court. I think that the principle stated in *Wynn* v. *City & Suburban Ry. of Savannah*, 91 *Ga.* 344 (3) (17 S. E. 649) applies.