EL PUEBLO, DEMANDANTE Y APELADO, *v.* RAMÍREZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por delito de falsa representación e impostura.

No. 771.—Resuelto en mayo 17, 1915.

FALSA REPRESENTACIÓN E IMPOSTURA — HECHOS O SUCESOS FUTUROS — CONVICCIÓN.—Es una cuestión elemental que una falsa representación respecto a

un Kecho o suceso futuro no puede servir de base a una convicción por el delito de obtener dinero valiéndose de fraudulentas simulaciones. La simulación debe ser una falsa representación de un hecho presente o suceso pasado.

ID.—SIMULACIÓN O PROMESA DE CONTINUAR EN UN EMPLEO.—En el presente caso el acusado estando empleado como cartero en las oficinas de correo de Ponce en diciembre 11, 1912, firmó un documento dirigido a Santiago Oppenheimer Dalmau significando que podía retenerle su cheque correspondiente a dicho mes y ascendente a $65, cantidad que había recibido de Juan Bautista Pou y a quién podía entregársela. Pocos días después el acusado embarcó para New York, quedando cesante y perdiendo así el sueldo. *Se resolvió* que no existiendo absolutamente ninguna falsedad que no fuera la simulación o promesa tácita de que el acusado continuaría en su empleo como cartero por el resto del mes, los hechos probados no son suficientes para sostener una sentencia por falsa representación.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelante: *Sr. Leopoldo Tormes.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante fué declarado culpable en la Corte de Distrito de Ponce por haber obtenido dinero mediante falsas y fraudulentas simulaciones, a virtud de una acusación en la que se alegaba que el delito se había cometido como sigue:

"El citado José Ramírez Bonilla, en Ponce, dentro de este distrito judicial, en uno de los días del mes de diciembre de mil novecientos doce, a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones y con intención de defraudar a Juan Bautista Pou ofreciéndole en garantía su sueldo como cartero, correspondiente a dicho mes de diciembre de mil novecientos doce, consiguió que el dicho Juan Bautista Pou le entregara la suma de sesenta y cinco dollars, constándole que no había de recibir tal suma, defraudando así al dicho Juan Bautista Pou en la suma referida de $65."

El acusado, cartero, empleado en la oficina de correos de Ponce en 11 de diciembre de 1912, obtuvo cierta cantidad de dinero del denunciante que el jurado declaró que era mayor de cincuenta dólares y firmó el documento siguiente:

"Sr. Don Santiago Oppenheimer Dalmau, Presente. Respetable Señor. Puede V. retenerme el *check* correspondiente al mes actual y que deducido los días que he faltado a la oficina, ascienden a sesenti-

cinco pesos los que he recibido de Don Juan Bautista Pou, a quien puede V. entregar el importe de dichos sesenticinco pesos. Ponce 11 de diciembre de 1912. José Ramírez.''

Pocos días después embarcó el acusado para New York, quedando cesante y perdiendo así el sueldo que de no ser por este motivo hubiera percibido por el resto del mes. La cuestión que aquí se presenta es si el hecho de obtener dinero en esta forma, existiendo a la vez el propósito deliberado de abandonar el empleo, y constándole por tanto al acusado que la orden no sería aceptada ni satisfecho el sueldo por el tiempo que no trabajó, pero sin que mediare una simulación expresa en cuanto al particular, constituye o nó el delito definido en el artículo 470 del Código Penal, el cual prescribe que:

''Toda persona que a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero o bienes a otra persona, o que hiciere o consiguiere que otros diesen informes falsos respecto a su posición financiera o reputación mercantil, y engañando de este modo a alguna persona, consiguiere crédito por el cual se hiciere fraudulentamente de dinero o bienes, incurrirá en la pena señalada para el hurto de la cantidad de dinero o bienes así obtenida.''

No es preciso que hagamos una relación especificada de las instrucciones dadas al jurado relativas a este aspecto del caso o de las varias mociones presentadas por la defensa, órdenes de la corte resolviendo éstas, excepciones tomadas y errores alegados; ni es necesario, según la consideración que hacemos de la materia, que se discuta ninguna de las demás cuestiones que han sido promovidas.

''La simulación debe ser una falsa representación de un hecho presente o suceso pasado y no de algo que ha de tener lugar en lo futuro. Refiriéndose, como se refiere la simple promesa de hacer alguna cosa a un hecho venidero, no está comprendida en el estatuto.

''Aunque el delito no se comete por la mera promesa falsa sin la exposición simulada de los hechos, ésta última, sin embargo, puede ser eficaz únicamente cuando va acompañada de la promesa falsa. Cuando así sucede puede considerarse que la narración de los hechos

y la promesa, ambas constituyen la simulación falsa y puede dar lugar a una convicción, o si puede separarse la relación de los hechos y la promesa, y si el denunciante se basaba en parte en la primera puede hacerse caso omiso de la promesa y ser declarado culpable el acusado a virtud de la exposición de los hechos.

"Algunas cortes han resuelto que un estado de la mente es un hecho y por tanto que una exposición falsa con respecto a la intención del acusado es una simulación falsa en cuanto a un hecho presente. La aplicación lógica de esta doctrina que al parecer no ha sido reconocida por las cortes que la han adoptado es hacer que queden comprendidas en el estatuto todas las promesas relativas a la conducta futura, pues es un principio generalmente reconocido que la naturaleza de la simulación ha de demostrarse no por las mismas palabras empleadas por el acusado al hacer la falsa representación sino por el efecto que producen sus palabras, puesto que la promesa de ejecutar algo siempre supone la intención de hacerlo, puede prescindirse de la promesa como tal y declararse culpable al acusado por la manifestación tácita de la intención. Esto mismo han hecho algunas cortes cuando la falsa representación se ha referido a la facultad del acusado para ejecutar una cosa. Otras cortes han declarado que la falsa representación en lo que respecta a la intención no está comprendida en el estatuto. Una expresión falsa de algo que se espera no es una falsa simulación de acuerdo con el estatuto." 19 Cyc., páginas 394–398.

"La concurrencia de una promesa futura y de una simulación falsa no quita a la falsa simulación la naturaleza criminal que tiene. Se ha resuelto generalmente que las consecuencias que lleva consigo la exposición falsa de un hecho pasado o presente no desaparecen por el hecho de ir acompañada de una promesa de ejecutar algún acto en el futuro que constituyó parte del móvil que indujo al denunciante a desprenderse de su propiedad." *State* v. *Briggs,* 7 L. R. A., nueva serie, página 278 y nota.

"Según los modernos estatutos sobre falsas representaciones y las mejores autoridades, el mero libramiento y entrega de un cheque a una tercera persona sin explicación alguna equivale a hacer ver que el librador tiene fondos o crédito en el banco, y de resultar incierto esto constituye una falsa representación. Pero en algunos casos se sostiene lo contrario. *State* v. *Hammelsey,* 17 L. R. A., nueva serie, página 244 y nota.

"Obtener bienes por un cheque que el librador alega que es bueno y que será satisfecho cuando lo que en realidad pretende es impedir su pago no lo hace culpable del delito de obtener dinero mediante

falsas simulaciones con arreglo a un estatuto que declara culpable a cualquier persona que valiéndose de fraudulentas simulaciones obtiene cualquier cosa de valor de otra persona con la intención de engañarla y defraudarla. *People* v. *Orris,* 41 L. R. A. N. S., 170.

"Los elementos constitutivos del delito de obtener bienes mediante falsa simulaciones están concisamente expresados en la cita de 2 Bishop's New Criminal Law, paragraph 415, que hace la corte en el caso de *People* v. *Orris,* a saber: 'Una simulación falsa es la fraudulenta representación acerca de un hecho presente o pasado hecha por uno que sabe que no es cierto y cuyo objeto es inducir a la persona a quien se hace a desprenderse de algo de valor.'

"Según se ha visto de la anterior cita es una cuestión elemental que una falsa representación respecto a un hecho o suceso futuro no podrá servir de base a una convicción por el delito de obtener dinero valiéndose de fraudulentas simulaciones. Se sostiene generalmente que el hecho de dar un cheque que no tiene valor equivale a hacer ver que el librador tiene crédito con el librado por la suma de referencia y que dicha falsa representación se refiere a un hecho presente por lo que puede seguirse una acusación por el delito de obtener dinero por medio de falsas simulaciones. Esta cuestión, sin embargo, no estaba envuelta en el caso de *People* v. *Orris,* pues en el referido caso se admitió que el librador tenía dinero en el banco contra el cual se expidió el cheque. La simple cuestión que queda solamente después de la admisión anterior era si la intención del acusado de impedir el pago del cheque se refería a un hecho pasado, presente o futuro. Es claro que no hacía referencia a los dos primeros casos y es asimismo cierto que se refería al último. Es, pues, evidente que faltaba uno de los elementos del delito y no podía sostenerse una convicción.

"La resolución del caso de *People* v. *Orris,* parece ser la primera donde se ha resuelto el punto en discusión y es, por tanto, de no poco interés y valor. Desde luego que podría llegarse a una conclusión distinta en un caso en que el librador no tuviera fondos en depósito si el caso se presentara, si existiera también la intención de impedir el pago, de acuerdo con la teoría de que el dar un cheque que no tiene valor equivale a la representación falsa de que el librador tiene crédito con el librado; pero parece claro que según los hechos de dicho caso no podría considerarse como buena ninguna otra conclusión sino aquella a que se llegó en el caso de *People* v. *Orris.* Pueden aprobarse estatutos que sean bastante amplios con el fin de que comprendan las falsas manifestaciones que hagan referencia a hechos o sucesos futuros. Desde luego que de acuerdo con esos estatutos, sería

posible llegar a un resultado distinto.'' Nota al caso de *People* v. *Orris, supra.*

En el presente caso no existió absolutamente ninguna falsedad que no fuera la simulación o promesa tácita de que el acusado continuaría en su empleo como cartero por el resto del mes. Es imposible distinguir en principio este caso de uno en que se trate de la negociación de un cheque con el propósito deliberado de impedir su pago. Esto fué en realidad lo que hizo el acusado. El suscribió una orden de pago que para todos sus fines y propósitos era un cheque contra su sueldo por el mes en curso; y luego debido a su conducta anuló virtualmente la orden impidiendo que fuera satisfecho dicho cheque.

La sentencia no puede subsistir.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.