EL PUEBLO, DEMANDADO Y APELADO, *v.* SIERRA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre falsa representación e impostura.

No. 1229.—Resuelto en abril 30, 1918.

ABOGADOS—SERVICIOS PROFESIONALES—GRAVAMEN SOBRE BIENES PERSONALES DEL CLIENTE.—Se alegó que todo abogado tiene el gravamen que a su favor reconoce el derecho común (*common law*). *Quaere:* Si todo abogado tiene en Puerto Rico, por razones iguales que en los Estados Unidos, un gravamen a su favor por el valor de sus servicios y desembolsos sobre los efectos personales del cliente que vengan a su poder en el curso debido de sus relaciones como abogado y cliente.

HURTO—BIENES EN PRENDA—DEPOSITARIO—DERECHO DE PROPIEDAD—BIENES PERSONALES—DERECHO ESPECIAL.—Toda persona que da alguna cosa en prenda puede ser convicta de hurto a su depositario; así como, todo aquel que tuviera un derecho de propiedad en general sobre bienes personales, puede ser convicto de hurto al que tuviera algún derecho especial de propiedad sobre la cosa dada en prenda.

FALSA REPRESENTACIÓN E IMPOSTURA—BIENES EN PODER DE UN DEPOSITARIO.—Por regla general, un acusado puede ser convicto de obtener bienes mediante falsas simulaciones (*pretenses*) de un depositario, bajo las mismas circunstancias por las cuales se distinguiría el delito de obtener bienes bajo falsas simulaciones (*pretenses*) del hurto en aquellos casos en que el querellante (*prosecuting witness*) es el único dueño.

ID.—HECHOS EXISTENTES O PRETÉRITOS.—En este caso el querellante (*prosecuting witness*) prestó servicios profesionales como abogado al acusado por un valor determinado que el apelante admitió por razón de sus actos y conducta. El acusado propuso al querellante que si le entregaba ciertas joyas de su propiedad sobre las cuales alegaba el abogado tener un gravamen (*lien*), las vendería y del producto de la venta le pagaría el importe de sus servicios profesionales, habiendo sido entregadas las joyas y no cumplida la oferta. *Se resolvió:* que no habiéndose alegado ni demostrado que el acusado llegara a hacer alguna falsa representación de un hecho existente o pretérito, ningún delito fué cometido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Miguel Guerra.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Para los fines de esta apelación asumiremos, pero no decidiremos de un modo definitivo, que todo abogado en Puerto Rico, al igual que en los Estados Unidos, tiene a su favor un gravamen por sus servicios y desembolsos sobre los efectos personales de su cliente que vengan a su poder en el curso debido de sus relaciones de abogado y cliente. Nos inclinamos hacia el criterio que sostiene que, por razón de la confusión en una sola persona de los oficios de procurador y abogado en Puerto Rico y de la relación de abogado y cliente · existente bajo el sistema americano, todo abogado tiene aquí el mismo gravamen a su favor que reconoce el derecho común (*common law*), pero no decidiremos definitivamente este punto porque creemos que la sentencia es de revocarse por otros fundamentos.

Es la ley, fuera de toda discusión, que toda persona que da alguna cosa en prenda puede ser convicta de hurto a su depositario, o que todo aquel que tuviere un derecho de propiedad en general sobre bienes personales puede ser convicto de hurto al que tuviere algún derecho especial de propiedad en la cosa dada en prenda. *Henry* v. *State,* 36 S. E. 55 y autoridades; *People* v. *Long,* 50 Mich. 249; *State National Bank of Shawnee* v. *McMahon,* 146 Pac. 1.

Del mismo modo, es cierto que por regla general, un acusado puede ser convicto de obtener bienes, mediante falsas simulaciones (*pretenses*), de un depositario, bajo las mismas circunstancias por las cuales se distinguiría el delito de obtener bienes por falsas simulaciones (*pretenses*) del de hurto, en aquellos casos en los que el querellante (*prosecuting witness*) es el dueño único. *People* v. *Campbell,* 59 Pac. 593; *Anderson* v. *State,* 177 S. W. 86.

En el caso de autos el querellante (*prosecuting witness*) prestó servicios profesionales de tal naturaleza que le habrían dado en los Estados Unidos un gravamen por la suma

de $1,250 según aparece de la acusación, habiéndose admitido por el apelante el valor de dichos servicios por razón de sus actos y conducta. La cuestión principal es la de si los actos y conducta del apelante constituyen un delito con arreglo al artículo 470 del Código Penal, que reza como sigue:

"Art. 470.—Toda persona que a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero o bienes a otra persona, o que hiciere o consiguiere que otros diesen informes falsos respecto a su posición financiera o reputación mercantil, y engañando de este modo a alguna persona, consiguiere crédito por el cual se hiciere fraudulentamente de dinero o bienes, incurrirá en la pena señalada para el hurto de la cantidad de dinero o bienes así obtenida."

De los autos aparece que el apelante, al tiempo en que quedó consumada la reclamación que le hizo su anterior abogado por los servicios prestádosle, fué a donde su citado abogado y le hizo la proposición de que si el referido abogado devolvía al apelante las joyas sobre las que el abogado alegaba tener un gravamen, las vendería, (el citado apelante) y del producto de la venta pagaría al citado abogado la mencionada suma de $1,250. Esta supuesta representación, proposición u oferta, jamás fué cumplida. Por el contrario, se presentó prueba al efecto de que el citado apelante vendió parte de las joyas y salió luego de Puerto Rico con rumbo a Venezuela, de donde fué traído mediante procedimientos de extradición.

En el juicio no se presentó prueba alguna tendente a demostrar que, a la fecha en que el apelante hizo su proposición y obtuvo la posesión de los bienes, él llegara a hacer alguna falsa representación de un hecho existente o pretérito.

El Fiscal alude repetidas veces en su alegato al hecho de que el apelante manifestó que haría una de estas dos cosas: vender las joyas, o dado el caso de que no pudiese venderlas, las empeñaría a cierta persona en el Hotel Inglaterra. Esta referencia al Hotel Inglaterra no ha sido imputada en la

acusación ni se nos ha señalado prueba alguna que tendiese a demostrar lo improbable de esta manifestación de hecho. El dijo también que una deuda mencionada por su abogado había sido pagada, en lo que fué corroborado por un amigo que estuvo presente, y no existe prueba de que esta representación, influyendo como influyó en la mente del abogado, fuese falsa. En procesos por obtener bienes bajo falsas representaciones, aunque no se exige una prueba absoluta, es sin embargo necesario que el fiscal demuestre en cierto grado la falsedad o improbabilidad de la representación. No puede presumirse la falsedad de la representación por la razón de que su posibilidad no aparezca de un modo prominente. Por tanto, sólo tenemos que concretarnos a la alegada representación que se expresa en la acusación.

Si a la fecha en que el apelante obtuvo la posesión de las joyas, admitiendo por razón del argumento que este hecho le fué suficientemente imputado en la acusación, tuvo la intención de no pagarle al citado abogado, somos de opinión, vistas las autoridades, que no se cometió delito alguno.

La historia de los estatutos que al nuestro se asemejan la ha trazado Wharton en su obra *Criminal Law,* tomo 2, p. 1577, *et seq.* En la citada obra se ve que no toda clase de engaños o falsas simulaciones están incluídos en el estatuto. Ni los reclamos ni los exagerados elogios están incluídos en el estatuto, y las opiniones que se vierten no siempre constituyen simulaciones. Toda falsa simulación que deba caer dentro del estatuto debe relacionarse con un hecho pasado o existente; toda representación que se haga respecto a futuras operaciones está excluída. Véase *El Pueblo* v. *Ramírez,* 22 D. P. R. 471; Wharton, *supra,* p. 1621; 11 R. C. L. 831. También puede verse la ley tal cual la exponen los siguientes casos de California: *People* v. *Green,* 133 Pac. 334; *People* v. *Bowman,* 142 Pac. 495.

En la obra *Ruling Case Law,* (tomo 11, p. 830,) se dice que la noción de que es impracticable hacer la ley penal coextensiva con la delincuencia moral evidentemente responde

al hecho de que se dejan muchos casos de fraude y engaño para que de ellos entiendan exclusivamente los tribunales civiles. Las cortes han reconocido la limitación, como lo hicimos nosotros en el caso de *El Pueblo* v. *Ramírez, supra,* La definición del delito ha sido delineada con bastante claridad por las cortes. Una de las razones de lo impracticable que es el alcanzar todos los engaños (*cheats*) es la de que el número de ellos forzaría al fiscal a elegir los delitos que él estimase necesario perseguir, lo que casi invariablemente da lugar a distinciones de personas, parcialidad e inseguridad. Los casos por los que deben iniciarse estos procesos deben estar claramente marcados por la ley de modo que el deber del acusador aparezca claro en todos los casos.

El Fiscal de esta corte no nos pide que vayamos más allá de donde han ido otras cortes, pero nos cita autoridades que, según él, se asemejan al caso de autos.

El caso de *State* v. *Nichols,* Houst. Crim. Rep. (Del.) vol. 1, p. 114, es uno en el que el apelante hizo una representación en el sentido de que iba a prestar una suma mayor de dinero a una tercera persona, y mediante esta falsa representación de hecho obtuvo dinero del querellante. Se demostró la falsedad de que alguna vez tuviese la intención de prestar a alguien dinero. Este caso lo cita Wharton en una nota que aparece en página 1622, y dice que está fuera de la corriente general de las autoridades, y también se analiza en Cyc., tomo 19, p. 397. Y además en ese caso hubo una representación inducente que se probó ser falsa. Los casos de *Commonwealth* v. *Moore,* 86 Ky. 542, 12 S. W. 1066; *State* v. *Fooks,* 65 Ia. 196, 21 N. W. 561; y el de *State* v. *Dowe,* 27 Ia. 273, 1 Am. Rep. 271, fueron todos casos de promesas concurrentes y representaciones de hecho. Y no hemos de citar autoridades al efecto de que una falsa manifestación de hecho es suficiente a justificar una convicción, aunque esté acompañada de promesa futura, si ambas influyeron en la mente del querellante en perjuicio suyo. El caso de *People*

v. *Winslow*, 39 Mich. 505, que es uno de falsa representación por el hecho de que al querellante se le prometió una colocación, fué un caso de conspiración, y que puede diferenciarse por otros fundamentos.

Mientras que en el caso de *Swift* v. *Rounds*, 33 L. R. A. 561, un caso civil que trata de una persona que compra bienes con la intención de no pagarlos, se declaró haber una falsa representación de un hecho presente; y el obtener bienes bajo falsas representaciones respecto al crédito ha sido traído específicamente dentro del alcance de nuestro estatuto.

El Juez Loring revisa el estado de la ley en el caso de *Commonwealth* v. *Althause*, 31 L. R. A. (N. S.) 1003, como sigue:

"Como proposición general de derecho, aparte de los estatutos que hacen delictivo el obtener bienes mediante una falsa simulación, parecería que la presente intención de un hombre respecto a un acto futuro es un hecho. *Edgington* v. *Fitzmaurice*, L. R. 29 Ch. Div. 459; *Swift* v. *Rounds*, 19 R. I. 527, 33 L. R. A. 561, 61 Am. St. Rep. 791, 35 Atl. 45. En el primero de estos dos casos (*Edgington* v. *Fitzmaurice*) el Juez Bowen, (L. J.) dijo, en la página 483: 'El estado de la mente de un hombre es tanto un hecho como lo puede ser el estado de su digestión.' Y el Juez Chapman, (Ch. J.), en el caso de *Com.* v. *Walker*, 108 Mass. 309, 312, dijo: 'La intención de un hombre es una cuestión de hecho y puede probarse como tal.' Hay casos en que esta proposición ha sido aplicada en casos de acusaciones por obtener bienes mediante una falsa simulación. Por ejemplo, fué aplicada en el caso de *State* v. *Nichols*, Houst. Crim. Rep. (Del.) 114. En ese caso el preso, con el fin de inducir al querellante para que le prestase dinero, le dijo (*represented*) que deseaba el dinero para con más dinero de su bolsillo prestárselo a una tercera persona. Se le dijo al jurado que si esto era falso era una falsa representación. La doctrina de ésta y de otras decisiones semejantes es la de que si, además de hacer la promesa de devolver el dinero prestado, por ejemplo, el reo consiguió el préstamo mediante una falsa manifestación de su presente intención respecto al propósito para el que deseaba el préstamo, constituye una falsa representación de un hecho, y por ende una falsa simulación (*pretense*). Sin embargo, existe un conflicto entre las autoridades sobre este punto. Hay casos en los que se ha sostenido que en un caso como ese que

estuvo ante la corte en el de *State* v. *Nichols, ubi supra,* la representación del reo de su presente intención respecto al propósito para el cual deseaba asegurar el préstamo es esencialmente una promesa del acusado de que emplearía el dinero prestádole en la forma entonces manifestada, y no constituye una falsa simulación. Véase por ejemplo, el caso de *People* v. *Blanchard,* 90 N. Y. 314. Los casos en favor y en contra se han coleccionado en 19 Cyc. Law & Proc. p. 397, notas 57, 58.

"Pero en este caso el juez que presidió el juicio fué más allá de donde se llegó en ningún caso decidido, al explicar la diferencia que existe entre la representación de la presente intención de una persona respecto a un acto futuro, y una seguridad o promesa que el acto futuro habría de llevarse a cabo. Con el fin de ilustrar la diferencia esencial entre ambas teorías, puso como ejemplo de cuando se obtiene bienes mediante falsas simulaciones, un caso en el que no se obtienen bienes mediante falsas simulaciones. Al efecto dijo al jurado que si A compraba bienes con la intención de no pagarlos, obtiene esos bienes mediante una falsa simulación. En ese caso A no hace representación alguna. Todo lo que hace es una promesa, y una promesa no es una representación de hechos. Se ha pretendido establecer que a los ojos de la ley una promesa hecha con la intención de no cumplirla constituye una falsa simulación, toda vez que toda promesa de hacer alguna cosa implica de necesidad una presente intención de cumplirla, y que por lo tanto, siempre que se haga una promesa acompañada de la intención de no cumplirla, se tiene una implícita falsa representación de una intención de hacer algo que el reo promete hacer, y por ende constituye una falsa simulación. Y esto encuentra algún apoyo aparente en el caso de *Swift* v. *Rounds,* 19 R. I. 527, 33 L. R. A. 561, 61 Am. St. Rep. 791, 35 Atl. 45. En ese caso se sostuvo que cuando un demandado compra bienes con intención de no pagarlos, es responsable de una acción por dolo, puesto que implícitamente da a entender (*represents*) que tiene la intención de pagarlos por el hecho de la compra. Puede dubitarse si del hecho de la promesa de necesidad se implica o no en todos los casos una presente intención de cumplir dicha promesa. Sobre esa cuestión no estimamos necesario expresar nuestra opinión. Porque, sea como fuere, el fraude que se comete al obtener bienes por compra sin la intención de pagarlos no constituye, como cuestión de interpretación del estatuto en cuya virtud se creare, el delito de obtener bienes mediante falsas simulaciones. En el derecho común el obtener bienes mediante falsas representaciones de hecho, esto es, con una mentira,

no constituía delito. *Com.* v. *Hearsey,* 1 Mass. 137; *Com.* v. *Warren,* 6 Mass. 72; *Com.* v. *Call,* 21 Pick 515, 520, 32 Am. Dec. 284. El obtener bienes mediante falsas pesas o falsas medidas constituía una grave estafa (*cheat*) en el derecho común y como tal criminalmente punible. Según el estatuto 33 Hen. VIII, cap. 1, la estafa mediante prendas falsas se hizo también delictivo. Este era el estado de la ley al aprobarse el Estatuto 30 Geo. II, cap. 24. Esta última ley disponía que 'toda persona que a sabiendas y con preconcebida intención obtuviere, mediante falsas simulaciones o maquinaciones, de otra persona o personas, dinero, bienes, géneros o mercaderías, con la intención de engañar o defraudar a alguna persona o personas en los mismos,' será castigado, etc. Esta ley fué aprobada aquí (practicamente en los mismos términos) mediante el Estatuto 1815, cap. 136. Es evidente que el fraude (que, con la aprobación de esa ley, tuvo la legislatura la intención de hacerlo un delito) era el obtener bienes de otra persona mediante una falsa manifestación de hechos; y es igualmente evidente que la legislatura al aprobar dicha ley no tenía *in mente* el fraude que se comete al comprar bienes con la intención de no pagarlos. Ambos son fraudes, pero no de la misma índole.''

Este caso está citado en las notas del tomo 11 de la obra *Ruling Case Law,* pág. 832, al discutir el conflicto de autoridades.

Hasta hace poco había un número de decisiones que sostenían que era preciso existiese un engaño efectivo al querellante, 11 R. C. L. 835, 836. Hemos hecho mención al anterior estado de la ley para sacar la conclusión de que en este caso no hubo representación alguna de un hecho presente, cuya falsedad se hubiera demostrado, sobre el que descansara el abogado. De la acusación aparece que sólo hubo una muda promesa de hacer alguna cosa o cosas en lo futuro. Se acusa que el abogado descansó en la promesa del acusado. No encontramos que haya habido ninguna falsa representación de hechos fuera de esa falsa o alternativa promesa, y por lo tanto nada existe ni en la acusación ni en la prueba que justifique la convicción del apelante.

Es de revocarse la sentencia recurrida.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de·este caso.