EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DIONISIO TÓRRES, acusado y apelante.

No. 2939.—*Visto:* Diciembre 10, 1926. *Resuelto:* Marzo 31, 1927.

1. FALSA REPRESENTACIÓN—NATURALEZA DE LA REPRESENTACIÓN O SIMULACIÓN —FALSA REPRESENTACIÓN RESPECTO A UN HECHO O SUCESO FUTURO.—La manifestación de un deudor a su acreedor hipotecario al efecto de que tiene una operación de préstamo y que, a fin de obtenerlo, es necesario cancelar primeramente la hipoteca pendiente es una manifestación de que va a suceder algo y no una representación de un hecho existente o que ha pasado.

2. FALSA REPRESENTACIÓN—NATURALEZA DE LA REPRESENTACIÓN O SIMULACIÓN —FALSA REPRESENTACIÓN RESPECTO A UN HECHO O SUCESO FUTURO—PROMESA COMO ESENCIA DE LA FALSA REPRESENTACIÓN Y EFECTO.—Cuando el

representar un contrato por el cual se ha convenido no es el motivo que in-
duce a un acreedor hipotecario a convenir en la cancelación de su hipoteca
sino más bien su fe en la promesa del deudor de que le pagaría tan pronto
obtuviera el dinero del préstamo objeto del contrato mencionado, la esencia
de la falsa representación es la promesa, y ésta no cae dentro de la sanción
de la ley.

3. Falsa Representación—Acusación o Denuncia—Su Suficiencia—Omisión
de Especificar los Hechos Falsos.—Una acusación por obtener dinero va-
liéndose de falsas representaciones que no especifique los hechos que son fal-
sos, no es suficiente.

Sentencia de *Angel Acosta Quintero,* J. (Ponce), condenando al
acusado por delito de falsa representación. *Revocada,* absolvién-
dose al acusado.

*E. Díaz Viera,* abogado del apelante; *José E. Figueras,* abogado de
*El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

En una acusación por obtener dinero valiéndose de fal-
sas representaciones se alegaba en substancia que Dionisio
Tórres, deudor hipotecario de Antonio Passalacqua, indujo
a este último a cancelar una hipoteca, manifestándole que
él, Tórres, tenía una operación de préstamo con el Amer-
ican Land Bank (Banco Federal) y que era requisito pre-
vio que la hipoteca que aparecía a favor del señor Passa-
lacqua fuera cancelada a fin de poder concertar entonces
la que él tenía en trámites con dicho banco; que el men-
cionado Tórres convino en que tan pronto recibiera el di-
nero del Land Bank entregaría a Passalacqua el importe
de la hipoteca, y a sabiendas de que tales hechos eran fal-
sos, consiguió que el Sr. Passalacqua los creyera como
ciertos. Luego seguía una relación demostrativa de que
Tórres entonces vendió la finca liberada a otra persona, es-
tableciendo en esa forma una apropiación ilícita en su pro-
pio beneficio.

El acusado presentó una excepción perentoria que apa-
rentemente fué declarada sin lugar. Se celebró el juicio
por jurado y el acusado fué convicto. En apelación el fis-
cal de esta corte admite que se cometió error.

[1] Según la jurisprudencia de esta corte es claro que para obtener una convicción en un caso como el presente, las supuestas falsas representaciones deben ser de un acontecimiento presente o pasado; que generalmente falsas representaciones de acontecimientos futuros o de promesas no cumplidas no caen dentro de la sanción de la ley; que debe aparecer igualmente que de haber una representación de un acontecimiento pasado o presente en el cual confió el perjudicado, la representación debe ser de tal naturaleza que haya inducido a la persona que se alega fué defraudada a deshacerse de algo de valor. *El Pueblo* v. *Ramírez,* 22 D.P.R. 471; *El Pueblo* v. *Vázquez,* 11 D.P.R. 358; *El Pueblo* v. *Sierra,* 26 D.P.R. 336.

El acusado, en efecto, dijo al perjudicado que tenía una operación de préstamo con el Banco Federal y que a fin de obtenerlo era necesario que se cancelara primeramente la hipoteca pendiente. Creemos que en esencia ésta es una manifestación de algo que iba a suceder y no una representación de un hecho ya existente o que había pasado. Algunos de los casos demuestran que si las representaciones son una mezcla de promesas y de acontecimientos presentes o pasados, y las representaciones de los acontecimientos presentes o pasados son materiales y el perjudicado confía en ellos, puede presentarse con éxito una acusación.

[2] Si bien las representaciones hechas en este caso no demuestran claramente que el acusado había hecho arreglos definitivos para obtener un préstamo del Banco Federal, sin embargo, aún suponiendo que tal arreglo definitivo se hubiese concertado, no creemos que el representar un contrato sobre el cual se ha convenido, fué el motivo que indujo a Passalacqua a convenir en la cancelación de la hipoteca, sino más bien su fe en la promesa de Tórres de que le pagaría el importe tan pronto como obtuviera el dinero del préstamo. La esencia de dicha representación fué la promesa de Tórres de que le pagaría a Passalacqua tan

pronto como hubiese obtenido el préstamo del Banco Federal.

[3] Además, la acusación no especifica los hechos que eran falsos. Hallamos que la acusación no es suficiente.

Por otra parte, durante el juicio, por lo menos de acuerdo con el apelante y no vemos que él esté equivocado, no se trató de demostrar que era falsa la manifestación de Tórres de que tenía un préstamo pendiente con el Banco Federal.

*Debe revocarse la sentencia apelada y absolverse al acusado.*