El Pueblo de Puerto Rico, demandante y apelado, *v*, Luis González Fantauzzi, Benito Soto Berríos y José Archilla Piñeiro, acusados y apelantes los dos primeros.

No. 5501.—*Sometido:* Enero 16, 1935. *Resuelto:* Julio 5, 1935.

*Dubón & Ochoteco*, abogados de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Dos acusados fueron declarados culpables del delito de conspiración imputádoles originalmente ante una corte municipal, y el presente es el recurso de apelación interpuesto por uno de ellos, o sea Luis González Fantauzzi. Se trata únicamente de la suficiencia de la denuncia, toda vez que aunque hubo un juicio, la prueba no ha sido elevada a este tribunal. El delito esencialmente imputado fué que los acusados conspiraron para defraudar a Rodolfo Mangual y que con tal objeto hicieron a Rodolfo Mangual creer que ellos poseían ciertos líquidos y substancias con los cuales podían fabricar billetes del Gobierno de los Estados Unidos, tan parecidos y similiares a los genuinos que no sería posible descubrir su falsedad, a sabiendas dichos acusados de que tales manifestaciones eran falsas y fraudulentas y fueron hechas con el propósito de defraudar a Rodolfo Mangual y bajo tal engaño indujeron al referido Rodolfo Mangual a entregar a los acu-

sados un cheque por la suma de $266, que fué cambiado en el National City Bank.

Cuando en la denuncia se alegó que los acusados poseían ciertos líquidos y substancias con los cuales podían fabricar billetes, etc., esto fué una alegación suficiente de que el fraude consistía en la posesión y oferta de entregar a Mangual ciertos líquidos y substancias, por medio de lo cual se le defraudó. La inferencia clara es que los acusados no pudieron realizar a no realizaron lo prometido. No era necesaria especificación mayor ni se solicitó. Tampoco era necesario expresar la forma en que la oferta había sido hecha. La denuncia contenía alegaciones de hecho y no conclusiones de derecho y la jurisprudencia citada respecto a especificación (*particularity*) y conclusiones de derecho no es de aplicación. Si las substancias y líquidos no fueron entregados a Mangual, tanto peor. Lo importante fué que los acusados indujeron a Mangual a actuar en su supuesto perjuicio mediante las manifestaciones héchasle.

Este es un caso cuyos hechos difieren totalmente de los de *El Pueblo* v. *Sierra*, 26 D.P.R. 336. Los acusados ofrecieron ciertos líquidos y substancias para el presente. No fué una promesa para el futuro. Cualquier duda que hubiere a este respecto podía ser subsanada por el "veredicto" o sentencia. Además, ésta no es una simple acusación por obtener dinero mediante falsas simulaciones, sino una conspiración que podría ser por obtener algo mediante falsa representación o por otra de las causas enumeradas en el inciso 4 del artículo 62 del Código Penal, que lee así:

"Si dos o más personas conspiraren . . . (4) para estafar y defraudar a alguna persona en sus bienes por medios en sí criminales, u obtener dinero o bienes valiéndose del engaño; . . . ."

No podemos hallar ni resolver que la oferta hecha fuera tan absurda que ningún hombre razonable pudiera creerla. En todo el mundo se han falsificado monedas con algún éxito

y muchos hombres pueden fácilmente creer, que aunque el acto es delictivo se les pondrá en posición de fabricar billetes falsos.

Se alegó suficientemente que los acusados obtuvieron algo de valor de Mangual y que con ello se beneficiaron.

El hecho de que una persona sea un *particeps criminis* no ofrece excusa alguna en favor del apelante en un caso criminal. *El Pueblo* v. *Medina,* 19 D.P.R. 709; *El Pueblo* v. *Aquino,* 27 D.P.R. 532.

*La sentencia apelada debe ser confirmada.*