El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Flores López, acusado y apelante.

Núm. 14567.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 10, 1950.

834

*Santos Amadeo,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelante fué convicto, por tribunal de derecho, de un delito de falsa representación y sentenciado a cumplir de uno a cinco años de presidio. En este recurso sostiene, como único error, que la sentencia no está sostenida por la prueba y es contraria a derecho.

En la acusación se imputó al acusado el haber fraudulentamente simulado ser dueño de un establecimiento comercial en Río Piedras y a virtud de dicha falsa representación haber obtenido de la firma Ballester Hnos., Inc., de San Juan, 25 cajas de cerveza Schlitz valoradas en $90 y cien cajas de Malta Regal valoradas en $150, de cuya mercancía dispuso el acusado apropiándose de su valor de $240 y defraudando en esa forma a la mencionada firma en dicha suma de dinero.

La prueba demostró que el acusado, que era un vendedor ambulante, en una ocasión le compró a un agente vendedor de la firma Ballester Hnos. cierta cantidad de malta valorada en $90 e hizo que se la dejaran en un establecimiento comercial en Río Piedras que resultó ser propiedad de Pablo Llanos y su esposa Ramona Rodríguez, de donde la recogió

el acusado el mismo día, la vendió y pagó su importe a Ballester Hnos. Volvió a dicha firma un viernes y, alegando ser dueño del establecimiento comercial en Río Piedras, ordenó la cerveza y malta por valor de $240 comprometiéndose a pagarla el lunes siguiente. Al no hacerlo, el agente vendedor de Ballester Hnos. fué a Río Piedras y por primera vez se enteró de que el establecimiento comercial no pertenecía al acusado y sí a Llanos y su esposa. Se probó que la firma Ballester Hnos. entregó la mercancía al acusado inducida por la falsa afirmación de éste de que era dueño del comercio establecido en Río Piedras, donde había enviado la primera partida comprada por el acusado. Se probó además que el acusado vendió la cerveza y malta por la isla y se apropió su importe.

Esta prueba, a nuestro juicio, es suficiente para sostener la convicción en este caso. La promesa de pagar la mercancía el lunes siguiente a la transacción y el no haberla pagado no constituyó la falsa simulación en este caso. Sí lo fué el hecho de haber el acusado obtenido la mercancía bajo la fraudulenta representación de que era dueño, sabiendo que no lo era, de un colmado en Río Piedras y creyendo en esa falsedad fué que Ballester Hnos. se la entregó.

En los casos de *El Pueblo* v. *Ramírez*, 22 D.P.R. 471 y *El Pueblo* v. *Sierra*, 26 D.P.R. 336, este Tribunal expuso ampliamente la determinación que debe hacerse en estos casos en cuanto a que las falsas representaciones deben referirse a un hecho presente o pasado, ya que falsas representaciones de hechos futuros o de promesas no cumplidas no caen dentro de la sanción de la ley y además, que el perjudicado fué inducido por dicha falsa representación de un hecho presente o pasado a deshacerse de algo de valor.

El que en un caso existan ambas circunstancias no implica que el delito de falsa representación no se haya cometido si el perjudicado actuó inducido primordialmente por el falso hecho presente o pasado. Así, en el caso de *State* v. *Parkinson*, 41 P.2d 1095–97 (Wash., 1935), se resolvió que:

"Una falsa representación de un hecho existente o pasado calculado para inducir confianza de aquél a quien se hace y acompañado por o mezclado con una promesa de, hacer algo en el futuro, constituye falsa representación, aun cuando tanto la promesa como el hecho falso operaran como causa inducente. (Citas.)"

Después de citar y comentar la regla general al efecto de que la falsa representación debe referirse a un hecho existente o pasado, Wharton, en su obra *Criminal Law*, vol. 2, sec. 1440, pág. 1732, expone la doctrina aplicable a casos como el presente en esta forma:

"Pero una promesa concurrente no neutraliza una falsa representación que la acompaña. Si existe la falsa representación de un hecho existente, el añadir a ésta falsas promesas no excluye el caso del estatuto, cuando la falsa representación fué la influencia decisiva. . . ."

Tanto la prueba testifical como la documental, creída por la corte, demostró que la transacción llevada a efecto entre el acusado y Ballester Hnos. fué a base de pagarse de contado por el acusado dos días después de haberse entregado la mercancía. Empero, que esta promesa de pago no fué la que indujo a Ballester Hnos. a entregarle la mercancía al acusado sino la falsa representación de éste en cuanto a ser dueño de un colmado establecido en Río Piedras, sitio donde en otra ocasión ya había inducido a dicha firma a enviarle mercancía comprada anteriormente.

No habiendo cometido la corte inferior el único error señalado, *debe confirmarse la sentencia.*